Ridley v. Doughty.

RIDLEY *et al.* v. DOUGHTY.

**Taxation:** REDUCTION OF ASSESSMENT BY SUPERVISORS: DUTY OF AUDITOR: REMEDY OF TAX-PAYER: MANDAMUS. Where the board of supervisors, acting as a board of equalization, directs that the assessed value of realty in a certain town be reduced a certain per cent., and the county auditor fails and refuses, upon demand, to enter the property in said town in the tax-lists at the reduced and equalized assessment, owners of real estate in the town, who have not yet paid their taxes, may proceed against the auditor by *mandamus* to compel him to comply with the law in that regard. (See Code, secs. 832, 836, 837.) He has no discretion in the matter, and the tax-payers are not deprived of the remedy by *mandamus* on the ground that they have an adequate remedy at law or by injunction ; for those remedies would not afford the relief sought, and to which they are entitled, to-wit, the correction of the tax-list.

*Appeal from Emmet District Court.* — HON. LOT THOMAS, Judge.

FILED, MAY 8, 1889.

ACTION of *mandamus* to compel defendant to make certain corrections in the tax-list. Demurrer to the petition. Demurrer sustained, and plaintiffs appeal.

*Soper & Allen*, for appellants.

*J. G. Myerly*, for appellee.

GIVEN, C. J.—I. The petition shows that the defendant is auditor of Emmet county, and that the plaintiffs each own severally certain real estate in the incorporated town of Estherville in said county; that said real estate was regularly assessed for the year 1887, and that at their general meeting the board of supervisors, in equalizing the assessments of said county, duly directed that the assessed .values of realty within said town be decreased forty-four per cent.; that the defendant, disregarding said equalization, made up the tax-lists for 1887 by placing said property therein at the valuation placed by the assessor, instead of said decreased valuation; that August 7, 1888, the plaintiffs demanded in writing of the defendant that he correct said tax-list by reducing the valuation of their said real estate forty-four per cent., which he refused to do, wherefore they ask a peremptory writ of *mandamus* commanding the defendant to make said correction. The defendant demurs on the grounds that it appears by the petition that the plaintiffs have a plain, speedy and adequate remedy in the ordinary course of law, and that the act sought to be enforced is discretionary with the defendant. It is claimed that the petition fails to show that the taxes have not been fully paid, and that, unless this appear, the plaintiff's remedy is by suit to recover for taxes illegally or erroneously assessed and collected. The action is not to recover a money judgment, but to compel a correction of the tax-list. Reading the petition in the light of the wrong complained of, and the relief asked, we think it fairly appears that the taxes have not been paid. It is claimed that if the taxes have not been paid the plaintiffs have an ample remedy by injunction. Injunction would not afford the relief demanded, to-wit, the correction of the tax-list. The plaintiffs have not a "plain, speedy and adequate remedy in the ordinary course of the law," for the correction of the tax-list.

II.    Section 832, Code, authorizing equalization by the county board, provides that it shall be "substantially as the state board equalize assessments among the several counties of the state."    Section 836 provides: "The county auditor shall add to or deduct from the valuation of each parcel of real property in his county the required percentage;" and section 837, that in transcribing the assessments he shall enter the "number of town lots and value."    Taking these provisions together, it is clear that it is the duty of the auditor to enter in the tax-list the valuation upon which the tax is estimated and collected.    This is an imperative duty, about which the auditor has no discretion, and if he has erroneously entered the wrong valuation, the authority to correct it is given him in section 841 of the Code. The district court erred in sustaining the demurrer, and the ruling is reversed, and the case remanded.

REVERSED.