[L. A. No. 949. In Bank.—January 14, 1903.]

## A. N. DAVIDSON, Respondent, v. HOMER LAUGHLIN, Appellant.

ACTION FOR SERVICES—CONTRACT—BREACH—REASONABLE VALUE—CONFLICTING EVIDENCE—SUPPORT OF FINDINGS—APPEAL.—In an action for the reasonable value of services rendered under a contract which was broken by the defendant, where the evidence is conflicting as to what the contract was, and as to the reasonable value of the services, and there was sufficient evidence to warrant the findings in favor of plaintiff, they will not be disturbed upon appeal.

ID.—REMEDY FOR BREACH—RESCISSION—RECOVERY OF REASONABLE VALUE.—Where the contract was to employ the plaintiff as defendant's agent during the construction of a building at a reduced salary, in consideration of a promise to employ him as agent in its management at an increased salary after its completion, the failure of defendant to employ him thereafter as agreed was a breach of the contract, for which plaintiff might treat the contract as rescinded and recover the reasonable value of his past services. It is immaterial to such remedy that the contract for future employment was indefinite as to time and could not be specifically enforced.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. W. Mahon, Judge presiding.

The facts are stated in the opinion of the court.

Russ Avery, and Bicknell, Gibson & Trask, for Appellant.

A contract for employment for an indefinite time is terminable at the will of either party. (*Lord* v. *Goldberg,* 81 Cal. 596;[1] *Perry* v. *Wheeler,* 12 Bush, 541; *Elderton* v. *Emmons,* 4 Mann. G. & S. 478; 56 Com. L. Rep. 478; *Harper* v. *Hassard,* 113 Mass. 187; *Coffin* v. *Landis,* 46 Pa. St. 431.)

J. S. Chapman, and Ward Chapman, for Respondent.

The contract for future employment should receive a reasonable construction, and was to employ the plaintiff for a reasonable time, until there was good reason to sever the relation. (*Jones* v. *Trinity Parish,* 19 Fed. 59, 61-64; *Coleman* v. *Insurance Co.,* 49 Ohio St. 310;[2] *Pollak* v. *Brush Assn.,* 128 U. S. 446; *More* v. *Bonnet,* 40 Cal. 251;[3] *Carnig* v. *Carr,* 167 Mass. 544;[4] *Pennsylvania Co.* v. *Dolan,* 6 Ind. App. 109, 51;[5] *Hobbs* v. *Brush Light Co.,* 75 Mich. 550; *Boardman* v. *Ward,* 40 Minn. 399;[6] *McMullin* v. *Dickinson,* 63 Minn. 405; *Jessup* v. *Chicago etc. R. R. Co.,* 82 Iowa, 243; *Carter White Lead Co.* v. *Kinlin,* 47 Neb. 409; *East Line R. R. Co.* v. *Scott,* 72 Tex. 70;[7] *Smith* v. *St. Paul R. R. Co.,* 60 Minn. 330; *Warren Chemical and M. Co.* v. *Holbrook,* 118 N. Y. 586;[8] *Harrington* v. *Kansas R. R. Co.,* 66 Mo. App. 223.) The contract having been broken by the defendant, plaintiff is entitled to the reasonable value of the services rendered. (*Adams* v. *Pugh,* 7 Cal. 150; *Castagnanno* v. *Balletta,* 82 Cal. 257; *Cox* v. *McLaughlin,* 76 Cal. 60;[9] *Hartman* v. *Rogers,* 69 Cal. 643; *Whitten* v. *Sullivan,* 96 Cal. 480; *Decamp* v. *Hewett,* 11 Rob. (La.) 290.[10])

---

[1] 15 Am. St. Rep. 82.
[2] 34 Am. St. Rep. 568.
[3] 6 Am. Rep. 621.
[4] 57 Am. St. Rep. 488.
[5] 51 Am. St. Rep. 289.

[6] 12 Am. St. Rep. 749.
[7] 13 Am. St. Rep. 753.
[8] 16 Am. St. Rep. 788.
[9] 9 Am. St. Rep. 164.
[10] 43 Am. Dec. 204, and cases cited in note.

McFARLAND, J.—This is an appeal by defendant from a judgment in favor of plaintiff and from an order denying a motion for a new trial.

The action is for the recovery of the reasonable value of certain services rendered by plaintiff to defendant. These facts were averred in the complaint and found by the court: Plaintiff was in the employment of defendant from the first day of October, 1896, to the twenty-fifth day of July, 1898; but for services rendered prior to May 1, 1897, plaintiff was paid, and they form no part of the matters here in litigation. As to what plaintiff was to receive for his services after May 1, 1897, there was no express agreement between the parties until June 20th of that year. Defendant was then engaged in the erection of a six-story building, and it was in connection with this building and some other matters that plaintiff was employed. The parties on said June 20th had a conference about what plaintiff's compensation should be during the progress of the construction of the building, which resulted in a contract that when the building should be completed and the tenants should commence to pay rent, plaintiff should be permanently employed by defendant as his agent in the management of the building, "keeping the same rented and collecting the rents and attending to the repairs and all other useful services in that proper management of the said building"; and that defendant would pay for his services as such agent one hundred and fifty dollars per month; and plaintiff, in consideration that he be so employed as agent after the completion of the building, and paid said compensation, agreed that he would take for his services from May 1, 1897, to the time of the completion of the building sixty dollars per month. The building was completed and tenants commenced to pay rent on July 12, 1898; but on July 25th, thirteen days later, "without any reasonable or lawful cause or excuse whatever, the defendant discharged plaintiff from his employment," and has ever since refused to allow him to perform any services as such agent or to pay him therefor. The reasonable value of the plaintiff's services from May 1, 1897, to the time of his discharge, on July 25, 1898, was one hundred and fifty dollars per month, amounting to $2,225. Of this amount five hundred dollars had been paid, and the court rendered judgment for the balance.

The main contention of appellant is, that the findings of the court of the foregoing facts are not sustained by the evidence; but this contention cannot be maintained. There was a conflict of evidence as to what the contract between the parties was, and as to the reasonable value of respondent's services, etc.; but there was certainly evidence supporting respondent's contention on every issue of fact which we cannot say was insufficient to warrant the finding.

As to the questions of law involved in the case, it seems clear that as the agreement of appellant to employ respondent as agent of the building after its completion, at the agreed compensation, was the consideration of the latter's agreement to take sixty dollars per month for his previous services, the failure of appellant to so employ respondent was a breach of the contract which released the latter therefrom, and authorized him to treat it as rescinded, and to recover for his services what they were reasonably worth. This, of course, is the general rule applicable to such case, and it is too elementary to need reference to authorities. It is contended, however, that the rule does not apply in the case at bar, because the contract for permanent employment was only for an indefinite time; that it cannot be specifically enforced, and that it could be terminated by either party upon reasonable notice. But this is not an action to compel a specific performance of the contract for employment after the completion of the building, nor to recover compensation for his services after such completion, nor to recover future profits which respondent might have earned after that time if appellant had complied with his said promise of future employment. The action is for services rendered prior to the time when the future employment at one hundred and fifty dollars was to commence. It is based upon the theory that appellant's promise of the future employment was the consideration of respondent's promise to do the previous work for a compensation much less than its real value; that each of said promises was part of the contract; and that appellant's refusal to perform his said promise abrogated the contract and entitled respondent to recover the reasonable value of his past services. This theory is well founded in legal principles, as it is in considerations of justice and fair dealing.

There are some exceptions to rulings of the court on the admissibility of evidence touching the value of respondent's services; but we do not think that any of such rulings were erroneous. The principal exception is to the allowance of a hypothetical question asked of respondent's witness Devendorff, the ground of the objection being that it assumes facts of which there was no evidence. The only specifications in the objection to the question were, that it contained the expressions, "getting out plans" and "superintending the construction" of the building. Respondent had testified that he was not an architect, and it is evident that the words "getting out plans for the building," used in the question, were not intended to mean, and were not understood by the court to mean, that respondent, as an architect, had prepared the plans, but only that, as he had previously testified, he had assisted appellant by consulting with him and an architect about plans, and seeing that they were prepared. As to "superintending the construction" of the building, these words are not in the question. There was some evidence as to all the other matters contained in the question.

We do not deem it necessary to notice in detail the other exceptions to the allowance of evidence. It is sufficient to say that they are not tenable, and that they go to the weight of the evidence and not to its admissibility.

The judgment and order appealed from are affirmed.

Beatty, C. J., Henshaw, J., and Lorigan, J., concurred.

Rehearing denied.