THE PEOPLE *ex rel.* R. F. Kinsella, County Treasurer,

*v.*

CHARLES E. OPEL, County Clerk.

*Opinion filed February 17, 1904.*

1. TAXES—*county clerk can extend taxes only as they appear in the books.* The county clerk is a mere ministerial officer, and in extending taxes he must proceed according to the books as returned by the board of review, and it is not in his power to determine whether or not the taxes are legally assessed.

2. MANDAMUS—*when mandamus will not lie to compel county clerk to extend tax.* Where an assessment made by the supervisor of assessments is removed by the board of review, the county clerk cannot be compelled, by *mandamus,* to extend the tax on the assessment made by the supervisor of assessments, upon the ground that the board of review had omitted to certify the matter to the Auditor for approval, since, if *mandamus* lies at all, it should be against the board of review to compel it to perform such omitted duty.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

H. J. HAMLIN, Attorney General, (W. E. SHUTT, State's Attorney, and JOHN G. FRIEDMEYER, of counsel,) for appellant.

MCANULTY & ALLEN, (ALFRED ORENDORFF, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The Franklin Life Insurance Company is a corporation organized under the insurance laws of the State of Illinois, and its headquarters are in Capital township, Sangamon county. In the year 1902 the company made and delivered to the assessor of Capital township its schedule for the purposes of assessment for taxation, setting out that on April 1, 1902, it had personal property belonging to it of the value of $248,735. The property was assessed by the assessor at one-fifth of this amount and returned by him to the supervisor of assessments of

Sangamon county. The company had securities, consisting of notes and loans secured by the company's policies as collateral, amounting to $913,918.70, and promissory notes on policies in force amounting to $22,268.86, making a total of $926,187.56, no part of which was included in the schedule furnished by the company to the assessor or included in his assessment. When the books were turned over by the assessor to the supervisor of assessments the latter made a demand upon said company to list said notes and securities in its schedule for assessment and taxation. The company refused to make such schedule, whereupon, after notice to it, the supervisor of assessments made such schedule himself and assessed said notes and securities at one-fifth of the value thereof and the same as the personal property assessment of said company. At the subsequent session of the board of review the company presented its complaint and petition to said board, claiming that the premium notes and loans held by it and assessed by the supervisor of assessments were exempt from taxation, and asked the board to so hold. The board of review sustained the contention, and held that the said notes and loans were not subject to taxation and ordered the amount stricken from the assessment rolls. The board did not make and certify to the Auditor of Public Accounts, for his approval, a statement of the facts in the case and its finding, as required by section 35 of the Revenue act of 1898, and no certificate of approval of said action was given by the Auditor of Public Accounts. At the time the board of review adjourned, the assessment was left in that condition, and the county clerk of Sangamon county refused to extend the taxes upon the amount entered by the supervisor of assessments but removed by the board of review. Thereupon this petition for a writ of *mandamus* was filed in the circuit court of Sangamon county in the name of the People, on the relation of the county treasurer, as supervisor of assessments, against the county

clerk, to compel him to extend the taxes upon the assessments made by the supervisor of assessments. A demurrer was interposed to the petition as filed, which was sustained by the court. There were six special causes of demurrer assigned, but the demurrer seems to have been sustained upon the second, namely, that the supervisor of assessments had no power, under the statute, to list said property for taxation. An appeal has been prayed and allowed from the order of the circuit court sustaining such demurrer.

We do not deem it necessary, in passing upon the case, to consider the question as to whether or not the supervisor of assessments had authority, under the statute, to list said property for taxation. The Revenue law of 1898 specifies the powers and duties of the assessor, of the supervisor of assessments and of the board of review. This assessment was made by the supervisor of assessments and was removed by the board of review, and the petition avers that it was never certified to the Auditor, as required in section 35, nor had the question ever been determined as to the liability of the property for taxation. At the time the books were turned over to the county clerk the assessment had been removed and the books showed that the property was not subject to taxation. The county clerk is a mere ministerial officer, and no judicial acts are required of him in extending taxes. It is his duty, under the statute, to merely extend the taxes as they appear upon the books. He has no right, nor is it his duty, to determine whether taxes have been legally assessed or not. In this case the books as returned by the board of review show that this assessment was not to be extended, and he had no power to go back and review either the acts of the board or of the supervisor of assessments, therefore the demurrer to the petition was properly sustained. The remedy by *mandamus*, if available at all, should have been against the board of review for a failure to certify to the Auditor

its action in removing the additional assessment. The statute clearly points out the mode of procedure in such cases, and that mode should have been pursued.

The judgment of the circuit court will accordingly be affirmed.                                    *Judgment affirmed.*