## LUSK *et al.* v. PORTER, *County Treasurer.*

No. 7273: Opinion Filed March 14, 1916.

(156 Pac. 224.)

1. **TAXATION—Assessment—Revision by County Board of Equalization—Validity.** Where the county commissioners, acting as a county board of equalization, as provided in section 11, c. 152, Sess. Laws 1910-11, p. 334, complete their labors, and the county assessor, in the manner and within the time fixed by statute, makes and transmits an abstract of his assessment as revised by said county board of equalization, to the State Board of Equalization, and where the county assessor thereafter receives from the State Board of Equalization its report, the board of county commissioners acting as a county board of equalization is without authority to alter, change, or in any manner revise the action of the state board; and any attempt so to do on the part of said board is a nullity.

2. **TAXATION—Action for Taxes Paid—Pleadings.** A petition, based on official misconduct, which charges, in effect, that on account of the willful, wrongful, and illegal acts of certain named officers plaintiff in the payment of taxes was discriminated against, where the officers complained of were, at the time, without authority over the subject-matter, and the petition omitted in any way to charge malfeasance, neglect, or misconduct on the part of those officers having authority in the premises, fails to state a cause of action and to overcome the presumption that the officers properly chargeable did their duty.

3. **APPEAL AND ERROR—Pleading—Demurrer—Construction of Doubtful Language—Failure to Amend—Presumption.** In a case where a pleading is challenged before trial by demurrer, its language, where doubtful, will be construed against the pleader upon the ground that, as he selects the language, he should make his meaning clear, and where in such a case a demurrer is sustained on account of the insufficiency of a pleading, and no application for amendment is made, it will be presumed that the facts to justify it do not exist.

(Syllabus by the Court.)

*Error from District Court, Comanche County;*
*Cham Jones, Judge.*

Action by James W. Lusk and others, receivers of the St. Louis & San Francisco Railroad and another, against J. L. Porter, as County Treasurer of Comanche County. Judgment for defendant, and plaintiffs bring error. Affirmed.

*W. F. Evans, R. A. Kleinschmidt*, and *Fred E. Suits*, for plaintiffs in error.

*T. B. Orr*, Co. Atty., and *J. A. Diffendaffer*, Asst. Co. Atty., for defendant in error.

SHARP, J.  On January 27, 1914, James W. Lusk, W. C. Nixon, and W. B. Biddle, receivers of St. Louis & San Francisco Railroad and St. Louis & San Francisco Railroad Company, instituted an action in the district court of Comanche county, to recover of J. L. Porter, as county treasurer of Comanche county, certain taxes assessed against the property of said railroad company for the year 1913. The petition does not complain of the action of the State Board of Equalization, either in assessing the property of which plaintiffs are receivers, or in the adjustment and equalization of the value of the real and personal property in said county as transmitted to the state board by the county assessor. The gravamen of their complaint is, as set out in the fifth paragraph of their petition, as follows:

"Plaintiffs further aver that the county board of equalization of the county of Comanche, State of Oklahoma, willfully, wrongfully, and illegally failed and refused to adopt and to adhere to the valuation so fixed by the said State Board of Equalization, for the taxable property in said county of Comanche, other than that of public service corporations; but that said valuation was without authority of law reduced by said county board of equalization to the sum of $12,694,624, which was a reduction of

7.06 per cent. thereby constituting a willful and unlaw-
ful discrimination against plaintiffs herein to that extent
on the taxes for said year, being in the sum of $1,666.18
for the year 1913, and in the sum of $833.09 for the first
half of the taxes for said year; that the result of such
refusal on the part of said county board of equalization
to adopt and adhere to the valuation fixed by the State
Board of Equalization is to cause the plaintiffs to bear a
greater measure than their just share of the taxes within
and for said county and state for the year 1913, and
to deny to said plaintiffs the equal protection of the law,
as guaranteed to them by the Constitution of the State
of Oklahoma, and by the Constitution of the United States,
and thus deprive said plaintiffs of their property with-
out due process of law; that as a result of the refusal
of the county board of equalization of said county to
adopt and adhere to the value fixed by the State Board
of Equalization, the rest of the property in said county
bears less than its just proportion of the taxes within
said county, thereby discriminating against said plaintiffs
and denying to them, and to each of them, the equal
protection of the law, as guaranteed by the Constitution
of the State of Oklahoma, and by the Constitution of the
United States, and deprives them, and each of them, of
their property without due process of law."

Nowhere in the complaint is it charged that the rail-
road property was not assessed for taxation at its fair
cash value, estimated at the price it would bring at a
fair voluntary sale. But it is said that on account of
the wrongful and illegal act of the county board of
equalization, plaintiffs are discriminated against, denied
the equal protection of the law, and deprived of their
property without due process of law. While it is admitted
that the total amount of taxes properly levied against
and charged to the property of plaintiffs in Comanche
county for the year 1913 was $23,600.36, it is charged

that the county board of equalization, having without authority of law reduced the valuation of the taxable property of said county, other than that of public service corporations, from $13,659,433 to $12,694,624, plaintiffs' taxes should be reduced in the same proportion, and that accordingly plaintiff was entitled to recover of and from said treasurer the sum of $1,666.18, which amount was by them paid under protest, to avoid the imposition of burdensome penalties and the issuance and levy of legal process for its collection.

To plaintiffs' petition the court sustained defendant's demurrer, on the ground that it did not state facts sufficient to constitute a cause of action in favor of plaintiffs and against the defendant. From what has been said, it will be readily observed that plaintiffs' cause of action is based upon the alleged willful, wrongful, and illegal act of the county board of equalization, after the action of the State Board of Equalization was had and returned to the county assessor. By section 11, c. 152, Sess. Laws 1910-11, p. 334, the county board of equalization is composed of the county commissioners, the county assessor being made secretary of the board. It is required of said board of equalization that it shall meet at the county seat and shall hold a session commencing on the first Monday of June each year for the purpose of equalizing taxes over the county, notice of which shall be given at least ten days prior thereto in some newspaper of general circulation in the county; that any person who may think himself aggrieved by the assessment of his property shall have the right to appear before the board for the purpose of having the assessment adjusted. It is provided that complaints against assess

ment shall be determined by the board in a summary manner, and the assessor's list shall be corrected and adjusted accordingly; that the board shall have the authority to raise, lower, and adjust individual assessments, fixing the same at the fair cash value of the property, to add omitted property, and to cancel assessments of property not taxable; that when any assessment has been raised or other property added thereto by the board, five days' notice thereof in writing shall be given to the owner of such property, or his agent, to appear at a time and place fixed in such notice, and show cause why such assessment should not be increased or other property added thereto. Section 12, c. 152, provides as follows:

"After the sitting of the board of equalization, the assessor shall proceed to correct and revise the assessment roll as per the order of the board of equalization, and on completion, not later than Saturday, before the third Monday in June, he shall make an abstract of his assessment as revised by the county board of equalization, and transmit the same to the State Board of Equalization, and immediately after the receipt of the report from the State Board of Equalization, he shall proceed to revise his assessment rolls accordingly."

From the foregoing it will be seen that it is intended. that the county board of equalization shall complete its labors in time so that the county assessor may prepare and make an abstract of his assessment, as revised by said county board, for the State Board of Equalization at its annual meeting on the third Monday in June. After the State Board of Equalization has acted upon the abstract furnished it by the county assessor, and its report is received by such assessor, his duty is, if a change has been made in the valuation of real and personal property

of the county, to revise his assessment rolls accordingly. While section 14 of the last-mentioned act undertakes to give to the board of county commissioners power to hear and determine alleged erroneous assessments or mistakes or differences in the description or value of land or other property, at any session of the board, before the taxes shall have been paid, for the purpose of correcting such error, difference, or mistake, and perform other acts incidental to the correction of taxes erroneously assessed, it will not be denied that the power of the board of commissioners, acting as a board of equalization, cannot be exercised after their labors shall have ended and the abstract of their revision of the taxes of the county furnished the State Board of Equalization. This is conceded by counsel for plaintiffs in error. But they say that, notwithstanding the county board of equalization was without authority to make the reduction, yet, having attempted to do so, the court should order the valuation of the property of the railroad company correspondingly reduced; that as the county board of equalization failed and refused to adopt and adhere to the valuation fixed by the State Board of Equalization for the taxable property of said county, other than public service corporations, plaintiffs will be deprived of their property without due process of law, because, it is said, the rest of the property in said county will bear less than its just proportion of the taxes within said county. That the action of the county board of equalization, as charged in the plaintiffs' petition, was a nullity there is no room for doubt. Even were it admitted that the county commissioners, acting as a board of equalization, had further jurisdiction in respect to the equalization of taxes after the action of the state board, clearly such board would

have no authority to change, or in any manner revise, the action of the latter. In such case its duty would be to accept as final the action of the state board, and not attempt to review the work of its superior. *People v. Opel,* 207 Ill. 469, 69 N. E. 838; *Seymour First Nat. Bank v. Isaacs,* 161 Ind. 278, 68 N. E. 288; *Ridley v. Doughty,* 77 Iowa, 226, 42 N. W. 178; *Bialy v. Bay City,* 139 Mich. 495, 102 N. W. 1033; *Englewood v. Bergen County Tax Board of Equalization,* 71 N. J. Law, 423, 59 Atl. 15; *State ex rel. Hasbrook v. Lewis,* 64 Ohio St. 216, 60 N. E. 198; *State v. Covington,* 35 S. C. 245, 14 S. E. 499. As said in *Board of State Tax Commissioners v. Quinn,* 125 Mich. 128, 84 N. W. 1:

"The opinion of the assessor that the acts of the State Board of Tax Commissioners in changing the valuation in the assessment roll were irregular and void did not excuse him from assessing the taxes according to such changed valuations, since the opinion of an officer that the acts of his superior are void does not relieve him from performance of a statutory duty based on such acts."

But it is clear that neither the county board of equalization nor other local authority had any right to make a general revision of the assessed valuation of property in the county.

The petition is silent as to any part taken by the county assessor in the effort of the county board of equalization to reduce the taxes below the sum fixed by the State Board of Equalization. So far as disclosed by the petition demurred to, this officer did his duty, and such is the presumption of law. *Pentecost et al. v. Stiles,* 5 Okla. 500, 49 Pac. 921; *Western Union Telegraph Co. v. Trapp, Auditor,* 186 Fed. 114, 108 C. C. A. 226; 37 Cyc. 1110; Cooley on Taxation, p. 447. The result, then,

is: The county board of equalization being without power to make the reduction, and there being no allegation in the petition that the county assessor, either by act of commission or omission, did or neglected to do any lawful act enjoined of him by law, the presumption is as already stated. While in construing a pleading for the purpose of determining its effect, its allegations will be liberally construed with a view to substantial justice between the parties (Rev. Laws 1910, section 4766), yet where, as here, the sufficiency of a petition is challenged by demurrer, this cannot be held to require that essential averments shall be construed into it, or that a necessary averment be supplied on inferences drawn from other facts alleged, unless such averment must logically and necessarily be inferred therefrom. *Emmerson v. Botkin,* 26 Okla. 218, 109 Pac. 531, 29 L. R. A. (N. S.) 786, 138 Am. St. Rep. 953; *Atwood v. Rose,* 32 Okla. 355, 122 Pac. 929; *Schilling v. Moore,* 34 Okla. 155, 125 Pac. 487. As said in the first-named case:

"In a case where a pleading is challenged before trial by demurrer, its language, where doubtful, will be construed against the pleader upon the ground that, as he selects the language, he should make his meaning clear, and where in such a case a demurrer is sustained on account of the insufficiency of a pleading, and no application for amendment is made, it will be presumed that the facts to justify it do not exist."

And in 4 Enc. Pl. & Pr. 476:

"In the construction of a pleading nothing will be assumed in favor of the pleader which has not been averred, as the law does not presume that a party's pleadings are less strong than the facts of the case will warrant."

The rule of construction in such case is that a material fact not alleged in a pleading is presumed not to exist. *Frantz v. Patterson,* 123 Ill. App. 13; *Cannon v. Castleman,* 162 Ind. 6, 69 N. E. 455; *Chicago, R. I. & P. R. Co. v. Shepherd,* 39 Neb. 523, 58 N. W. 189; *Mills v. Swearingen,* 67 Tex. 269, 3 S. W. 268; *Fletcher v. Board of Education,* 85 N. J. Law, 1, 88 Atl. 334; *Libby v. Olcott,* 66 Or. 124, 134 Pac. 13; *Lackawanna Coal & Iron Co. v. Long,* 231 Mo. 605, 133 S. W. 35. The right of plaintiffs to recover being based upon the unlawful act of officers, who were without further jurisdiction in the premises, we think the plaintiffs' petition fatally defective, in that it does not charge that the county assessor and other officers of the county, whose duty it was to extend upon the tax rolls the assessed valuation of the real and personal property of the county, together with the property of public service corporations, as fixed by the State Board of Equalization, neglected to do so. By no reasonable intendment can the allegation be made to amount to a charge that other officers, whose duty it was to revise the assessment rolls, accordingly as directed by the State Board of Equalization, neglected and failed in the discharge of their duties, and that instead, an unauthorized reduction in assessment was made. The rules of pleading, as we have seen, and the presumption that those officers, having power to act, did so in an authorized and lawful manner, fully justified the action of the court in sustaining defendant's demurrer.

The judgment of the trial court is affirmed.

All the Justices concur.