## MORRIS PLAN CO. v. CAMPBELL.

No. 25437.   March 2, 1937.

Rehearing Denied April 20, 1937,

Poe, Lundy & Morgan and John H. Poe, for plaintiff in error.

F. E. Riddle, for defendant in error.

BUSBY, J.  This is an action by Mrs. Don H. Campbell, as plaintiff, against the Morris Plan Company, a corporation, as defendant, to recover for the reasonable value of services performed by her in behalf of the defendant company.  In the trial court, plaintiff, upon consideration of a jury, recovered judgment for the sum of $1,397.

The parties appear in this court in the reverse order of their appearance before the trial tribunal, but we shall continue to refer to them in the order of their appearance in the court below.

The plaintiff, according to her testimony, was employed by the defendant on the 26th day of April, 1931, to do stenographic work and to assist one Mr. Old, the head of the advertising department of the defendant company.  The agreed compensation for these services was $85 per month.  Mrs. Campbell continued to work in the capacity indicated until the first of January, 1932, at which time Mr. Old left the concern. On

that occasion an oral agreement was entered into between the defendant company and the plaintiff in substance to the effect that Mrs. Campbell would continue to perform stenographic duties and in addition thereto take charge of the advertising department for a period of three months and that the company would during that period continue to pay her the sum of $85 per month and at the end of that period would relieve her of the stenographic duties and give her the position of advertising director at a salary commensurate with the advanced position.  It was also agreed that she should occupy such position for a period of one year after she was so appointed.  The gist of the plaintiff's testimony touching upon this point is as follows:

"A. Along about the first of January, 1932, Mr. Old left the concern and Mr. Beal gave me his desk and said that—Shall I tell it? Q. Stated what?  A. Mr. Beal called me to his desk and then said that he would like to have me, if I wished to do so, to take charge of the advertising since Mr. Olds' was leaving. He said 'We can't pay you any money  for doing that, but if you will take charge of this work and continue with the stenographic duties you have been performing, within three months, or about that time, we will relieve you of the stenographic duties and give you the job of advertising director, with the salary that is customary to be paid as advertising director.' * * * Q. Now, in your agreement, you related that you made with Mr. Beal, the oral agreement of January 1st, what was said, if anything, or was there anything said in that agreement as to how long that employment was to last from the time that you took actual charge of this advertising department exclusively and was to be relieved of the other work, how long was it to last from that date?  A. For a year."

When the time for the proposed advancement in position came, it was orally agreed between the parties, in substance, that it would be temporarily delayed for another period of approximately three months, during which time the parties would continue their relationship under the then existing arrangements.

On September 14, 1932, plaintiff was discharged, never having been advanced to the position of advertising director.  Admittedly the services of Mrs. Campbell during the period of her employment had been satisfactory to the defendant company.

The foregoing agreement was denied by the defendant and proof was introduced in support of the denial tending to show that it was never made.  The dispute in the evi-

dence upon this point presented, of course, a question of fact for determination in the trial tribunal.

In this appeal we are limited to a consideration of the sufficiency of the evidence to entitle the plaintiff to recover at all, and the further consideration of whether that evidence was submitted to the jury in a proper manner and under appropriate instructions.

The oral agreement to which the plaintiff testified was unenforceable by reason of the statute of frauds, since it did not contemplate performance within one year from the date of the agreement. The fact that this contract had been partially performed did not remove it from the operation of the statute. See St. Louis Trading Co. v. Barr, 168 Okla. 184, 32 P. (2d) 293. The benefit of the statute of frauds having been claimed by the defendant, the plaintiff was not entitled to recovery in an action upon the oral contract as such. She did not rely, however, wholly upon the contract, but asserted an independent right to recover upon quantum meruit for the actual value of the services performed. She was entitled to proceed upon this general theory.

According to the testimony of the plaintiff, she was, during the period of time from the 1st day of January, 1932, to the 14th day of September, 1932, performing stenographic work and advertising work in consideration of the payment to her of $85 per month, and the further and additional agreement of the defendant company to advance her to the position of advertising director and retain her in that position for a period of one year at an increased salary. She received the $85 per month, but she did not receive the promised advancement and continued employment in the more remunerative capacity.

The defendant is entitled to say that the oral agreement is unenforceable by reason of the statute of frauds. Is the defendant also entitled to say that the sole and only remuneration that Mrs. Campbell shall receive for her services is the $85 per month which was paid her during the period of time above referred to?

The general rule of law applicable to this class of action is stated in 25 R. C. L. at pages 367-8 in the following language:

"According to the great weight of the authorities the fact that a contract involving the rendition of services is unenforceable on account of the statute, as for instance where the contract is not to be performed within a year, has been partly performed by the employee does not take the contract out of the statute. On the other hand, where services are rendered under such a contract and the party receiving the services refuses to go on and complete its performance, the other party may recover the value of the services upon an implied assumpsit. * * *"

In the case of Hall v. Haer, 160 Okla. 118, 16 P. (2d) 83, it was said in denying relief by reason of the statute of frauds to one who had performed services in consideration of an oral promise to convey an interest in real estate that compensation for such services could be obtained on the basis of quantum meruit. But where, as in this case, there has been a partial performance of the nonenforceable contract and the plaintiff has been paid the amount which was agreed to be paid during the time of such partial performance, the query arises as to whether the contract price is the only measure of value of the services. In other words, can a defendant in such a case say: This oral contract is not binding because of the statute of frauds; however, it is binding and conclusive as to the amount which the plaintiff is entitled to receive for the services which have been performed under it? By the weight of authority such an inconsistent position cannot be taken. In discussing a similar problem in the case of St. Louis Trading Co. v. Barr, supra, we said:

"Whenever personal property has been transferred by reason of an oral promise which is within the statute and which the promisor refuses or fails to perform, a promise is implied in law on which an action will lie for the recovery of the value of the property. 27 C. J. 362. Thus assuming in this case that the plaintiff, relying on the oral promise of defendants, **parted with merchandise of a value greater than the price received** (a fact which the record does not establish), and assuming that that was the only detriment suffered by her, her proper remedy would be an action on an implied contract to recover the excess in value of the goods transferred over the price paid." (Emphasis ours.)

In the case of William Butcher Steel Works v. Atkinson, 68 Ill. 421, 18 Am. Rep. 560, it was said with reference to recovery for services rendered under a verbal contract unenforceable by reason of the statute of frauds, in which case the employer sought to limit recovery for the services performed to the contract price:

"By the act of appellant the contract became and was void, yet it insists that this void contract shall control appellee; **that the contract price is the only measure of the value of his services;** that the contract shall be void for the protection of appellant, and in force and valid for the destruction of ap-

pellee's cause of action. This position is neither equitable nor is it well founded in law."

In the case of McGilchrist v. F. W. Woolworth Co., 7 P. (2d) 982, the Supreme Court of Oregon had before it a situation identical in principle presented by one in the case at bar. The plaintiff in that case had agreed to work for the defendant company in consideration of their oral agreement to pay him a stipulated sum per month and at the end of three years to advance him to the position of store manager at a more remunerative salary. In that case recovery was allowed for the reasonable value of the services performed by the plaintiff, less the amount which had been received by him. In holding that p'aintiff's recovery was not limited by the amount he had received under the contract the court said:

"In our opinion it is inconsistent and illogical to urge the invalidity of a contract, void under the statute, to defeat plaintiff's cause of action, and then assert it to be binding and conclusive as to the measure of recovery. As stated in Thatcher v. New York, W. & B. Ry., 153 App. Div. 186, 138 N. Y. S. 463, 466: 'If, although the statute declared the contract to be void and incapable of enforcement, it could still be made use of to fix the respective liabilities of the parties, the statute would become a nullity.'

"We cannot agree that the contract in question is severable. If the agreement was as contended by the plaintiff, and there is no evidence to the contrary, the covenant to work for the weekly wage was related to the one in reference to the future employment as a manager. Accepting as true the p'aintiff's version of the contract, it was not the intention of the parties that these covenants should be considered as separate, distinct, and unrelated. The work which plaintiff performed was in consideration of the entire agreement, and his rights are not to be determined by looking solely to one of the covenants therein."

See, also, generally, upon this point, note in L. R. A. 1916D, pp. 895, 901; see, also, O'Donnel v. James E. Sipprell, Inc. (Wash.) 1 P. (2d) 322, 76 A. L. R. 1405, and note at 1412.

In accordance with the foregoing authorities we ho'd that Mrs. Campbell, who, under her testimony, has performed services as stenographer and as advertising director for a period of time between January 1, 1932, and ending September 14, 1932, in considera-

tion of the defendant's promise to pay her $85 per month during such time, and an unenforceable oral promise to advance her to the more remunerative position as manager for a period of one year thereafter, was not limited in her recovery to the $85 per month which she had received during that period of time, but, on the contrary, is entitled to recover, if her testimony be accepted as true, the reasonable value of the services actually rendered, less the amount paid.

Complaint is also made of the instructions of the trial court advising the jury upon the measure of recovery and the refusal of the trial court to give requested instructions submitted by the defendant upon this point.

The trial court instructed upon the general theory that the plaintiff had been fully compensated for the stenographic work performed by her and that she was entitled, if the jury should determine she had sustained the burden of proof, to recover upon a quantum meruit basis the reasonable value of her services in the advertising department. Double recovery was not authorized and recovery for the additional services was limited to the reasonable value thereof.

Upon careful consideration of the instructions given, this court is of the opinion the same as given are free from substantial error under the fact situation presented by the record in this case.

Complaint is also made that the oral contract as established by plaintiff's testimony is too indefinite to form the basis of an action. We cannot say, after a careful examination of the testimony tending to prove the existence of the oral contract, that the meaning thereof cannot be determined. We are, therefore, unable to approve this contention. It will also be noted in this connection that recovery herein is not approved upon the basis of the contract, but upon the basis of quantum meruit by reason of the services performed under an oral contract which could not be enforced under the statute of frauds.

Other contentions made in the brief need not be treated in this opinion. The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY, J., absent.