John P. HARRISON, Plaintiff In Error,

v.

COMMANDER MILLS, Inc., a corporation, Defendant In Error.

No. 36883.

Supreme Court of Oklahoma.

April 10, 1956.

Rehearing Denied June 19, 1956.

G. C. Spillers, G. C. Spillers, Jr., Tulsa, for plaintiff in error.

Doerner, Rinehart & Stuart, Tulsa, for defendant in error.

HUNT, Justice.

The plaintiff in error, John P. Harrison, instituted this action in the District Court of Tulsa County against Commander Mills, Inc., a corporation, to recover a sum on a quantum meruit basis for services performed under an alleged oral contract of employment. A general demurrer was sustained to plaintiff's amended petition. The plaintiff elected to stand on his petition and judgment was rendered for defendant, and the plaintiff has perfected an appeal to this Court. The parties will be referred to as they appeared in the District Court.

The plaintiff alleges in his amended petition that H. B. Dowell, president and agent of the defendant corporation, informed him that the defendant desired to employ a manager for its cotton mill at

Sand Springs, starting at a salary of $10,-000, and also employ a competent engineer to take charge of a rehabilitation and replacement program and complete reorganization of its plant, anticipated to be accomplished within two years, but if plaintiff would accept the employment and perform the ordinary duties, as well as the extraordinary duties called for by the rehabilitation and replacement program that he would be employed by the defendant corporation in the same or comparable position with the company on a permanent basis; that plaintiff would be elected vice-president of the corporation; that it was thereupon orally agreed between the plaintiff and H. B. Dowell, president and agent of the defendant corporation, and within the scope of his employment, that the defendant corporation would employ plaintiff as manager of its Sand Springs mill and as vice-president of the corporation at a starting salary of $10,000 a year; that if plaintiff would, in addition to his duties as manager, undertake as engineer the extraordinary additional and further duties of reorganizing the mill and accomplishing the anticipated rehabilitation and replacement program that the plaintiff would be employed by the defendant corporation in a comparable or superior position on a permanent basis.

The plaintiff further alleges that, pursuant to the oral agreement, in June, 1947, he commenced his employment with the defendant corporation as the manager of its Sand Springs plant; that he was elected by the Board of Directors as its Vice-President; that pursuant to the terms and conditions of his employment as a textile engineer he undertook the actual work of rehabilitating, expanding and reorganizing defendant corporation's cotton mill, that the work progressed continuously until it was substantially and successfully completed about September, 1949; that he performed all the terms and conditions of his employment in a competent manner, but that the defendant, without just cause, discharged the plaintiff effective September 1, 1949.

Plaintiff further alleges that he was at all times ready, willing and able to perform his duties in accordance with the oral agreement between the parties and that he ten-dered his services to the defendant, who prevented further performance thereof, which constituted a breach by the defendant of its contract of employment of plaintiff upon a permanent basis, the consideration for which it had already received.

Plaintiff further alleges that because of the wrongful discharge by the defendant corporation he is entitled to recover on a quantum meruit basis reasonable compensation in a sum equal to the difference between the salary actually paid plaintiff and the value of the services, both ordinary and extraordinary, actually rendered by plaintiff to the defendant corporation, which plaintiff alleges to be of the reasonable value of $100,000, and prayed judgment for said sum. The plaintiff, in his brief, states his theory as follows:

"In brief, it is the plaintiff's theory that irrespective of whether or not the oral agreement for permanent employment which he had with the defendant corporation was enforceable or unenforceable, that he may, nevertheless, upon being wrongfully discharged from his employment, recover the reasonable value of the services which he rendered to the defendant corporation in compliance with the oral agreement, less the salary actually paid to him, otherwise the defendant corporation would be placed in the position of having been unjustly enriched by accepting the plaintiff's valuable extraordinary services and by paying to the plaintiff only a fraction of their value."

Plaintiff's theory would have legal merit if the alleged facts in plaintiff's petition supported the same. The plaintiff, in support of his theory, first cites the case of Davidson v. Laughlin, 138 Cal. 320, 71 P. 345, 5 L.R.A.,N.S., 579, wherein it was held that the plaintiff was entitled to recover an additional sum based on the reasonable value of his services rendered in the construction of a building where the defendant owner had orally agreed to give the plaintiff permanent employment as manager of the building when it was completed, but failed to do so. The case of Morris Plan Co. v. Campbell, 180 Okl. 11, 67 P.2d 52, is also cited, in which it was held that the

oral agreement of employment at an increased salary for a period in excess of one year was unenforceable because of the Statute of Frauds, but held that the plaintiff was entitled to recover the reasonable value of the extra services actually rendered, less the amount previously paid. The syllabus reads:

"1. An action on quantum meruit may be maintained for the reasonable value of services actually rendered under an unenforceable oral contract.

"2. The measure of recovery for services actually rendered under an unenforceable oral contract is the value of such services less the sum, if any, which has been paid for the same."

Dicks v. Clarence L. Boyd Co., 205 Okl. 383, 238 P.2d 315, 316, 28 A.L.R.2d 870, holds:

"1. An oral contract of employment to continue 'so long as plaintiff was able to continue actively in said work' is invalid under the provisions of the statute of frauds. 15 O.S.A. § 136, Par. 1.

"2. When cause of action is based on oral contract of employment invalid under the provisions of the statute of frauds, trial court did not err in sustaining defendant's demurrer to plaintiff's petition."

" 'Permanent employment' ordinarily means employment for an indefinite period which, in the absence of some special consideration, may be arbitrarily severed at any time by either party." McKelvy v. Choctaw Cotton Oil Co., 52 Okl. 81, 152 P. 414.

██ Plaintiff's theory and basis of recovery in the present action is founded on the erroneous assumption that his petition alleges facts sufficient to show and establish an oral contract with the plaintiff which comes within the rule announced in the case of Morris Plan Co. v. Campbell, supra, and that such contract was violated by the defendant. Plaintiff calls our attention to the rule that in considering a demurrer to a petition the allegations thereof must be taken as true. We here call attention to the applicable and equally well established rule stated in the syllabus of the case of Francis v. Branson, 168 Okl. 24, 31 P.2d 870, as follows:

"3. In a case where a pleading is challenged before trial by demurrer, its language, where doubtful, will be construed against the pleader upon the ground that, as he selects the language, he should make his meaning clear."

The opinion in that case quotes with approval the following from Lusk v. Porter, 53 Okl. 294, 156 P. 224:

"The rule of doubt resolved against the pleader is followed by yet another presumption. * * * 'Where in such a case a demurrer is sustained on account of the insufficiency of a pleading, and no application for amendment is made, it will be presumed that the facts to justify it do not exist.' "

The petition in the present action alleges that after a conversation between plaintiff and H. B. Dowell, president and agent of the defendant corporation, wherein plaintiff was informed that the corporation desired to employ a manager for its cotton mill at a salary of $10,000, and to employ an engineer to complete a reorganization and rehabilitation of its cotton mill plant, that it was recognized that the salary stated, while adequate for the position as manager, was not commensurate with the additional services in connection with the reorganization, rehabilitation and replacement program, it was thereupon orally agreed between the plaintiff and H. B. Dowell, president and agent of the defendant corporation, acting within the scope of his employment, that the defendant corporation would employ plaintiff as manager of its mill and as vice-president of the corporation at a starting salary of $10,000 a year; that if the plaintiff would, in addition to his duties as manager, undertake as a textile engineer the extraordinary and further duties of rehabilitation and reorganizing of the mill that plaintiff would be employed by the defendant corporation in a comparable or superior position on a permanent basis and further alleges that plaintiff, about June, 1947, commenced his employment with the defendant corporation as manager of its Sand Springs plant, pur-

suant to the terms and conditions of his employment, and that he was elected by the Board of Directors of the corporation as vice-president.

It will be observed that nowhere is it alleged that the corporation, acting by and through its directors, authorized the president to employ the plaintiff or make any promise with respect to permanent employment, nor is it alleged that the Directors approved or ratified the acts of the president.

Title 18, § 1.34, O.S.1951, which relates to business corporations, provides:

"All corporate powers of every domestic corporation shall be exercised by or under authority of, and the business and affairs of such corporation shall be managed and conducted by, a board of directors."

Quaker Oil & Gas Co. v. Jane Oil & Gas Co., 63 Okl. 234, 164 P. 671, holds:

"1. The president of a corporation has no inherent authority, by virtue of his office, to contract for the corporation; his power in that respect being no greater than that of any other director."

H. B. Dowell is referred to in the petition as president and agent of the corporation, and acting for the corporation within the scope of his employment, but such allegation is not equivalent to saying that the president was acting under and by authority from the Board of Directors.

It has been held that an act of an employee may be within the scope of his employment although the act is contrary to the orders and wishes of his principal. We do not consider an act within the scope of employment to be the same as within the scope of authority or power.

■ Conclusions of a pleader, stated in general terms, do not constitute well pleaded facts which a demurrer admits.

■ The plaintiff alleges that he commenced his employment with the defendant in June, 1947, pursuant to the oral agreement, but does not allege that the Board of Directors of the defendant corporation had any knowledge of the terms of the alleged oral agreement with respect to the perma-

nent employment of the plaintiff or that the Board ratified or approved the agreement with respect to permanent employment of the plaintiff. In the absence of such allegation it will not be assumed that any knowledge of the agreement with respect to the permanent employment of the plaintiff came to the Board, or was ratified or acted upon by the Board.

"In the construction of a pleading nothing will be assumed in favor of the pleader which has not been averred, as the law does not presume that a party's pleadings are less strong than the facts of the case will warrant." 4 Enc.Pl. & Pr. 476.

Fields v. Victor Building & Loan Co., 73 Okl. 207, 175 P. 529, holds:

"3. A corporation cannot ratify an act of its officers of which it had no knowledge, so as to be estopped in an action between such corporation and one of its officers, who has withheld knowledge of such acts from the board of directors of such corporation.

"4. A president and general manager of a corporation cannot maintain an action based on a quantum meruit for past services rendered as president and manager when no compensation for such services is provided in the charter or by-laws and no compensation is fixed by any valid resolution passed, prior to the rendition of such services, providing for compensation for such services."

A similar holding to the above is announced in Gaines v. Gaines Bros. Co., 176 Okl. 583, 56 P.2d 863.

"It is a general principle of agency that knowledge on the part of the principal of the material facts of a transaction done on his behalf by an agent without authority is an essential element to a ratification of such transaction, and this is true as to the ratification by a corporation of the unauthorized acts of its officers and agents. Applying this rule, acquiescence in, or the receipt and retention of the proceeds and benefits of, an unauthorized transaction do not amount to ratifica-

tion if not accompanied by knowledge of the material facts concerning the transaction. As a similar application, ratification by a corporation of a contract made by the president without authority must be made with full knowledge of the terms of the contract." 13 Am.Jur. p. 930, Sec. 978.

We find and conclude that the action of the District Court in sustaining a demurrer to plaintiff's amended petition and rendering judgment for defendant is supported by the record and such ruling and action of the court is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.