Evelyn E. **HULL**, Plaintiff in Error,

v.

**NEWMAN MEMORIAL HOSPITAL, INC.,** an Oklahoma Corporation, Newman Clinic, a Partnership composed of F. S. Newman, M. H. Newman, Richard Burgtorf, Joseph J. Smith and W. H. Dersch, Defendants in Error.

No. 39992.

Supreme Court of Oklahoma.

Feb. 26, 1963.

As Corrected Feb. 27, 1963.

As Amended March 7, 1963.

Tom Hieronymus, Woodward, for plaintiff in error.

Foliart, Shepherd & McPherren, Oklahoma City, for defendants in error.

PER CURIAM.

Appeal by plaintiff from an order of the trial court sustaining demurrer of the defendants to her amended petition, to-wit:

"That on June 1, 1959, this plaintiff went to said Newman Hospital and Clinic for medical consultation as a paying patient, with a certain Dr. Richard Burgtorf located therein; that she did see and have medical consultation with said Dr. Richard Burgtorf, and on completion of said visit and consultation proceeded to leave the said building and structure of the said Newman Hospital and Clinic by its principal or main access doors.

"That the main or principal access point of said Newman Hospital and Clinic is so constructed that on exiting therefrom, it was necessary on June 1, 1959, to pass through one French type door constructed of wood frame and glass panes into a foyer and thence through the outside door, also of French type constructed of wood frame and glass panes, out of the building; that the same floor level of the waiting room of the clinic extended through the doorway into the foyer for approximately ten inches, at which point there was a change of floor level and drop of approximately 2 inches; that said extension into the foyer and the floor of the foyer were of the same concrete material and were painted the same shade of gray; that said drop or change of floor level was single and there was no drop or change of floor level from said foyer to the outside of said building; that the distance from the door entering the foyer to the door leading out of the building is approximately five feet; that the fact of the existence of said change in floor level or drop was not known to this plaintiff, and there were, on said date, no signs or other informative devices posted to advise this plaintiff of the existence thereof.

"That on departing said structure and building by way of the access thereto described above, this plaintiff, using due care and caution incumbent upon any person passing through a door, proceeded through the said in-

terior door to said foyer and immediately passing through the same and as a part of the act of passing through, did, by reason of the change of floor level or drop, above described, fall, lose her balance, and plunge into the said door constructed as above set out.

"That in so falling, plaintiff collided with the said door and the wood frame and glass panes thereof and her right hand and arm broke glass panes therein and in breaking said glass panes, plaintiff did suffer cuts, lacerations and contusions upon and to said right hand, wrist and arm; that immediately thereafter and by reason thereof, plaintiff was hospitalized as a patient of said Newman Hospital and Clinic and so remained until the evening of June 6, 1959."

On appeal plaintiff contends that her amended petition did state a cause of action in negligence, and that the court was in error in sustaining defendant's demurrer to the petition, since, on a demurrer, the petition must be construed liberally in favor of the plaintiff, and since the question of negligence is one for a jury and not one to be ruled on by the trial judge on a demurrer.

We have examined the cases cited and relied upon by the plaintiff for a reversal of the trial court's judgment and hold they are not applicable to the facts in this case.

■ In City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462, we held in the third paragraph of the syllabus:

"The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of ordinary care."

■ In Harrison v. Commander Hills, Inc., Okl., 298 P.2d 749, we held in the first paragraph of the syllabus:

"Where allegations of an amended petition fail to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant it is not error to sustain a demurrer to said amended petition."

As the petition of the plaintiff does not state a cause of action in favor of the plaintiff, and against any of the defendants, the trial court was correct in sustaining the demurrer of the defendants to the petition.

The court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by this court.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, IRWIN and BERRY, JJ., concur.

WELCH, WILLIAMS and JACKSON, JJ., dissent.

WELCH, Justice (dissenting).

Under the well recognized rule, of course, the demurrer to plaintiff's petition, for the purpose of the demurrer, admitted the truth of all well pleaded allegations of fact in the petition. I think there are sufficient allegations in the petition to present a cause for determination by the jury if all the facts alleged are supported or established by evidence. Under the facts involved and the rules of law referred to in M & P Stores, Inc. v. Taylor, Okl., 326 P. 2d 804, I think the trial court here committed error in sustaining the defendant's demurrers to the plaintiff's petition. I therefore respectfully dissent.

I am authorized to state that WILLIAMS, J., concurs in this view.