### SAPP v. BROOKS–SCANLON CORPORATION (two cases).

(District Court, S. D. Florida. December 11, 1922.)

Nos. 1652, 1667.

1. **Master and servant** ⬤═236(1)—**Employee must exercise reasonable care to protect himself from patent dangers.**

While the law imposes on the employer the duty of providing a reasonably safe place to work, it also requires the employee to exercise reasonable care to protect himself from patent dangers.

2. **Master and servant** ⊂⇒261(4)—**Declaration negativing employee's knowledge of danger held insufficient.**

In an action for death of an employee, where defendant's alleged negligence consisted in permitting the place where deceased worked to become obstructed by piles of old lumber and rubbish, which were plainly observable, it is not sufficient to allege in the declaration that he "did not know and appreciate" the danger.

At Law. Action by William Sapp, administrator of the estate of Leonard Fletcher Sapp, deceased, against the Brooks-Scanlon Corporation. On demurrer to declaration. Demurrer sustained.

Doggett, Christie & Doggett, of Jacksonville, Fla., for plaintiff.

Marks, Marks & Holt, of Jacksonville, Fla., for defendant.

CALL, District Judge. The declaration in this case, after alleging the injury, contains this:

"And that deceased did not know and appreciate the dangerous condition thereof."

The cause of action is the failure of the defendant to furnish a reasonably safe place to work. The deceased was employed as a skidder engineer to keep the sawmill supplied with logs by using a skidder. The defect alleged is that defendant negligently and carelessly allowed the premises adjacent to the skidder, to contain "piles of old lumber, rubbish, and scraps." Demurrer was interposed to this declaration on a number of grounds. Under the view I take of this case, it will be only necessary to notice one.

[1, 2] While the law imposes upon the employer the duty of providing a reasonably safe place to work, the rule is modified by the further principle that the employee must exercise reasonable diligence to protect himself from patent dangers. In the instant case, the piles of old lumber, rubbish, and scraps must have been patent to any one possessed of normal facilities. His opportunities for knowing the conditions were equal to those of the employer, and the law as I understand requires the employee to use his normal faculties. It is not sufficient for him to allege that he did not appreciate the danger of a patent defect.

I am of opinion that the demurrer should be sustained. It will be so ordered.