### NEW et al., Receivers, v. STOUT.

No. 11649—Opinion Filed Jan. 15, 1924.

Rehearing Denied March 25, 1924.

**1. Negligence—Capacity of Child Over 14—Question of Fact for Jury.**

While some authorities, on the supposed analogy to the rule of the criminal law, hold that a child between the age of 7 and 14 years is presumptively incapable of exercising judgment and discretion, and that after he has attained the age of 14, the contrary presumption prevails, it cannot be universally presumed that persons at a definite age, say 14 years, pass suddenly from incapacity to full capacity and discretion. There is no foundation for such a presumption for the jury. The better rule is that it is a question for the jury to determine, without regard to any arbitrary capacity to understand the danger and ability to take care of himself under the circumstances. Texas, O. & E. Ry. Co. v. McCarroll, 80 Okla. 282, 195 Pac. 139.

**2. Pleading — Petition — Sufficiency on General Demurrer.**

In considering the sufficiency of petition against a general demurrer, no one particular fact or circumstance alleged should be singled out and made the basis of the action, but all the facts and circumstances alleged and the reasonable inferences to be drawn therefrom should be considered as one connected whole.

**3. Same — Action Against Railroad for Personal Injuries to Youthful Employe.**

In an action for damages a petition that states as follows: "Because plaintiff was young and inexperienced, and had never worked on such a bridge before and did not understand or appreciate the danger of said place, nor did he realize the perils of the unusual place in which he was directed to work, all of which facts were known to the agents and employes of the defendants directing said work; that they knew he was only about 15 years of age, and that he had never worked on a high bridge before, and had only been working on the section at Allen in common ordinary section work on the ground for some four or five days, and was without any previous experience, wherefore, the plaintiff says that the defendants were guilty of gross negligence in directing him to the place and to do the work in which he was engaged under the circumstances and in the manner and at the place as hereinbefore alleged" is sufficient in this case against a general demurrer.

**4. Master and Servant—Safety of Working Place—Statutory Duty of Builders.**

Section 7269, Comp. Stat. 1921, is declaratory and controlling in fixing the duty of all builders in this state in the matter of making their climbing, supporting, and lifting machinery or contrivances safe for the employes according to the character of the workers and the circumstances of the work.

**5. Trial — Demurrer to Evidence — When Overruled.**

Where the evidence is sufficient to reasonably tend to support the allegations of a petition that states a cause of action, a demurrer to such evidence should be overruled. Cameron & Co. v. Henderson, 40 Okla. 648, 140 Pac. 404.

**6. Negligence—Duty of Care—Danger to Children.**

The courts have always made a difference in the application of rules guarding against dangers with mature persons and children; what would be ordinary care in the one case might be negligence in the other.

**7. Master and Servant—Action for Injuries —Overruling Motion for Directed Verdict.**

The record examined in this case, and held not error to overrule motion of defendants for peremptory instruction.

**8. Same—Sufficiency of Instructions.**

The instructions examined, and held to fairly cover the issues involved in the case, and it was not error to refuse to give the requested instructions.

**9. Same—Verdict—Excessiveness of Recovery.**

In an action for damages on account of

personal injuries to a 15 year old boy, caused by the negligence of defendant, resulting in the loss of one leg and permanent injury to one arm, a judgment for $20,000 is not excessive.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Kermit Stout, by next friend, against receivers of Missouri, Oklahoma & Gulf Railway Company. Judgment for plaintiff. Defendants appeal. Affirmed.

John E. M. Taylor, for plaintiffs in error.

Robert Wimbish and W. C. Duncan, for defendant in error.

Opinion by THREADGILL, C. This is an appeal by plaintiffs in error, defendants below, from a judgment of the district court of Pontotoc county, in favor of defendant in error, plaintiff below, and for convenience and brevity the parties will be referred to in this opinion as they were there. The action is by the plaintiff minor, through his mother as next friend, for damages for personal injuries while in the employ of the defendants caused by their negligence.

The plaintiff was a boy 15 years of age and was employed by the section foreman of the defendants to do common labor on the section of the railroad near Allen, in Pontotoc county, in May, 1918, at a time when labor was scarce and hands were hard to obtain. Plaintiff was a youth only 15 years of age and without experience in railroad work, and after working on the section near Allen for three or four days he was ordered, with others, to go south on the road to assist in ballasting a bridge near Tupelo, in Coal county. There were two other section forces besides the one from Allen ordered to do this work, making about 18 or 20 men altogether. The span to be repaired was short and the men worked in close proximity to each other with picks and shovels, raising the ties and putting chats under them. The plaintiff, while using a pick and shovel in this work, standing on one side of the bridge and near the edge of the open platform, stuck his pick in the end of a cross-tie near the edge of said platform while he used the shovel, and then taking hold of the handle of the pick to draw it from the place where he had stuck it, gave it a jerk, and in this act lost his balance and fell off of the platform to the ground, breaking his leg and arm and rendering him unconscious for a time and resulting in the loss of one leg and permanent injury to one arm. His services were $2.00 a day.

The petition alleges, in substance, that the defendants did not provide the plaintiff a safe place to work for the reason that the platform had no railing or bannister along its outer edge to prevent workmen from falling over the same in case they accidentally or otherwise lost their balance while working close to the edge thereof; that the place where plaintiff was directed to work was a high and dangerous place and that if the defendants had used ordinary care to make the same a reasonably safe place they would have placed rails or bannisters along the same, and that if it had been done plaintiff would not have suffered his injuries as aforesaid; that too many men were at work and too close together, and the workmen did not have sufficient space to use the pick and shovel and on account of this crowded condition the plaintiff failed to stick the pick as securely in the timber as he would have done if it had not been for this crowded condition; that the plaintiff was young and inexperienced and did not understand or appreciate the danger of said place where he was directed to work; that all of these facts were known to the agents and employes of the defendants directing said work; that they knew he was only about 15 years of age; that he had never worked on a high bridge before, and had only been working on the section at Allen in common ordinary work on the ground for four or five days and was without experience.

The defendants filed a general demurrer to the petition which was overruled and exceptions saved. They then filed answer consisting of a general denial, pleading contributory negligence, assumption of risk, and the employers' liability act of April 2, 1908. The plaintiff filed a reply consisting of a general denial and admission of employers' liability act. At the close of the plaintiff's testimony leave was given to amend the petition to conform to the facts proven. The issues were tried to a jury on January 19, 1919, and resulted in a verdict and judgment in favor of the plaintiff in the sum of $20,000, and the defendants appeal by petition in error and case-made.

1. The defendants claim first that the court erred in overruling their demurrer to the petition. They say that the petition did not state facts sufficient to constitute a cause of action. The substance of their complaint and argument is, that admitting all the statements and reasonable inferences to be drawn therefrom, as stated in the petition, to be true, the same are not sufficient to charge primary negligence against the defendants. In discussing this question they divide the acts of negligence charged in the petition into three divisions: First, as to whether or not the bridge was a safe place to work

with no railing or bannisters along its outer edge to guard workmen from falling off, and whether or not ordinary care and prudence required this on the part of the defendants; second, whether or not it was negligence on the part of the defendants to allow the working force on the bridge to work in such close proximity to each other, and, third, whether or not it was negligence for the defendants to employ the plaintiff to work on this bridge, knowing that he was only 15 years of age and that he had never worked on a high bridge before. The defendants cite many authorities under each one of the divisions in support of their contention that neither one of these particular charges, as set out in the petition and as construed by them, was sufficient to allege primary negligence against them. They cite the following cases: Southern Pac. Co. v. Gloyd, 138 Fed. 388; Nugent v. Brooklyn Electric Co., 72 N. Y. Supp. 67; Harrymans v. C. N. W. Ry. Co., 147 Wis. 605, 133 N. W. 153; St. L.-S. F. Ry. Co. v. Long, 41 Okla. 177, 137 Pac. 1156; Kilpatrick v. C., O. & G. R. R. Co., 195 U. S. 624, affirming 121 Fed. 11; Chicago Union Traction Co. v. Theorell, 120 Ill. App. Ct. Rep. 490; Sapp v. Brooks Scanlon Corporation, 285 Fed. 578; Silurian Oil Co. v. Morell et al., 71 Oklahoma, 176 Pac. 964; Fisher v. Prairie, 26 Okla. 337, 109 Pac. 519; Buss v. C., R. I. & P. Ry. Co., 76 Okla. 80, 186 Pac. 729; Texas & E. Ry. Co. v. McCarroll, 80 Okla. 282, 195 Pac. 139.

A careful reading of these cases will show that the principles contended for in them are applicable to experienced workmen and minds capable of understanding and appreciating dangerous situations and are not applicable to children or incompetent grown persons. The principles enunciated in the case of Texas & E. Ry. Co. v. McCarroll, supra, decided by this court September 21, 1921, are clearly against the defendants' contention.

The 7th paragraph of the syllabus reads as follows:

"While some authorities on the supposed analogy to the rule of the criminal law held that a child between the age of 7 and 14 years is presumptively incapable of exercising judgment and discretion, and that after he has attained the age of 14, the contrary presumption prevails, it cannot be universally presumed that persons at a definite age, say 14 years, pass suddenly from incapacity to full capacity and discretion. There is no foundation for such a presumption, and the better rule is that it is a question for the jury to determine, without regard to any arbitrary presumption, whether the particular person has capacity to understand the danger and ability to take care of himself under the circumstances."

It shows clearly that this court holds, when youth and inexperience and want of appreciation of danger are alleged in the petition, and it is stated that the defendant knew these facts at the time of the dangerous situation, that the same are questions to be submitted to the jury in trying the case and for them to determine by their verdict.

2. In considering the sufficiency of the petition against a general demurrer we do not think any one particular fact or circumstance should be singled out and made the basis of the defendants' negligence, but that all of the facts and circumstances alleged and the reasonable inferences to be drawn therefrom should be considered as one connected whole. It might be that work on a railroad bridge 20 or 25 feet high, with no railing or bannister along the edge of the platform, and a company of 20 to 25 men working in close proximity to each other with pick and shovel, would not be a dangerous place for an experienced workman or workmen of mature mind and judgment, but for an inexperienced, untrained country boy of 15 years of age it is a question of fact for the jury to determine under the proper instructions of the court.

We cannot agree with the contention of the defendants that the demurrer to the petition should have been sustained. The rule is well established that where the demurrer is general and the petition states any fact or facts which, with all the reasonable and natural inferences to be drawn therefrom, would entitle the plaintiff to any relief claimed, the demurrer should be overruled. Beaver v. Okla. State & Loan Co., 30 Okla. 580, 120 Pac. 943; Watkins v. Yell, 73 Oklahoma, 176 Pac. 390; Oklahoma Sash & Door Co. v. American Bonding Co., 67 Okla. 244, 153 Pac. 1151, 170 Pac. 511.

3. The charging part of plaintiff's petition is as follows:

"Because plaintiff was young and inexperienced, and had never worked on such a bridge before and did not understand or appreciate the danger of said place, nor did he realize the perils of the unusual place in which he was directed to work, all of which facts were known to the agents and employes of the defendants directing said work; that they knew he was only about 15 years of age, and that he had never worked on a high bridge before, and had only been working on the section at Allen in common ordinary section work on the ground for some four or five days, and was without any previous experience. Wherefore the plaintiff says that the defendants were guilty of gross negligence in directing him to the place and to do the work in which he was en-

gaged under the circumstances and in the manner and at the place as hereinbefore alleged."

This tenders an issue as to the place being a dangerous place to work for the lack of railing or bannister on the outer edge of the bridge platform, as to the character of the work, as to the adolescence and inexperience and lack of appreciation of danger on the part of the plaintiff, as to the knowledge of the defendants of all these conditions, and as to the act of the defendants in ordering him to work under the circumstances so stated.

The rule applicable in such a case is stated in 36 Cyc. 1173, as follows:

"When the master knows, or ought to know the dangers of the employment, and knows or ought to know that the servant by reason of his immature years, or inexperience, is ignorant of, or unable to appreciate such dangers, it is the duty to give him such instruction and warning of the dangerous character of the employment as may reasonably enable him to understand its perils. But the mere fact of the servant's minority does not charge the master with the duty to warn and instruct him, if he, in fact, knows and appreciates the dangers of the employment; and generally it is for the jury to determine whether, under all the circumstances, it was incumbent upon the master to give the minor at the time of his employment, or some time previous to the injury, instructions regarding the dangers of the work, and how he could safely perform it."

It is true the petition does not allege that the defendant failed to warn or instruct the plaintiff as to his danger, and how he should protect himself in the dangerous place, but it does state that he was directed to work under these circumstances, and whether he was warned or not, if he was inexperienced on account of his youth and had no sufficient appreciation of the dangerous conditions of the place where he was employed, and was not capable of following instructions as to how he should protect himself against the dangers, and defendants had knowledge of these facts, all of which are alleged in the petition and by the demurrer admitted to be true, it would be primary negligence to direct the plaintiff to do this work under these circumstances. Duncan Cotton Oil Co. v. Cox, 41 Okla. 633, 139 Pac. 270; Never Sweat Mining Co. v. Ramsey, 84 Okla. 128, 202 Pac. 787; Harriman v. C. & N. & M. Ry. Co., 147 Wis. 6$5, 50 L. R. A. (N. S.) 548.

4. Section 7269, Comp. Stat. 1921, provides as follows:

"All scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances erected or constructed by any person, firm, or corporation, in the state for use in the erection, repairing, alteration, removal, or painting of any house, building, bridge, viaduct, steel tank, standpipe, or other structure, shall be erected and constructed in a safe, suitable and proper manner, and shall be so erected and constructed, placed, and operated, as to give proper and adequate protection to life and limb of any person or persons employed or engaged thereon," etc.

We think this statute is declaratory of the rule and is controlling, and does away with presumptions of custom in this jurisdiction in all cases like the instant case. It certainly was the legislative intent that this statute should regulate the duty of all builders in this state in the matter of making their climbing, supporting, and lifting machinery or contrivances safe for the employes according to the character of the workers and the circumstances of the work.

Counsel for defendants makes an able and ingenious argument in support of his contention but we think he fails to corrolate the facts and circumstances of the dangerous place with the extreme adolescence and lack of knowledge and experience on the part of the plaintiff, and the further fact of defendants' knowledge of all these matters. A liberal construction of the petition under our statute under pleading and practice will not allow us to sustain the error complained of and reverse the cause. We think the court was right in overruling the demurrer.

5. In the second place, the defendants contend that the court erred in overruling defendants' demurrer to the plaintiff's evidence. We have examined this evidence, and there is no conflict in the material facts responding to the allegations of the petition, and it would serve no useful purpose to enter into a review of the same, or the application of the authorities cited, as the discussion would be substantially the same as above. We think the facts and circumstances proven by the plaintiff were sufficient to go the jury for their consideration. Cameron & Co. v. Henderson, 40 Okla. 648, 140 Pac. 404; Anthony v. Bliss et al., 39 Okla. 237, 134 Pac. 1122.

6. In the third place, defendants contend that the court erred in overruling their motion for a peremptory instruction at the close of the evidence. The evidence was that the bridge on which the work was being done was the usual open bridge and the manner of repairing or ballasting it was done in the customary way, and there was no custom or usage on part of railroads to provide bannisters to keep men from falling off in doing such work, and the de-

fendants contend that this proven custom was sufficient to absolve them from negligence; citing Southern Pacific Co. v. Gloyd, supra.

We cannot see the application of this case to the point contended for. In the paragraph quoted in the brief, we have this language:

"The care which the law requires of the railroad company respecting the safety of the place where the work is to be performed is ordinary care, such care as prudent, intelligent, experienced men usually employed under like circumstances to guard against dangers, reasonably to be anticipated."

This rule is the usual and customary rule under the ordinary circumstances, but the circumstances are necessarily extraordinary when the employes are children and without sufficient experience or appreciation of danger to protect themselves or to follow instructions given in places of danger. If the plaintiff in the case at bar had been a man of ordinary common sense and experience, then the rule invoked by the defendants would be applicable, but not in the case now before the court. The court has always made a difference in the application of rules guarding against dangers with grown up persons and children and this doctrine is so well established that it needs no citation of authority to support it. However, we call attention to the following cases: Mather v. Rillston, 156 U. S. 391, 39 L. Ed. 464; Western Okla. Mining Co. v. Berberich, 94 Fed. 329; Lumber Co. v. Hamilton (Tex. Civ. App.) 171 S. W. 546.

7. The testimony was conflicting as to whether or not the section foreman warned the plaintiff of his danger in working on the bridge and gave him any instruction as to how he should stand while using the pick and shovel, whether facing the long way of the bridge or the narrow way with his back to the edge of the platform, and this testimony, with all the other facts and circumstances, was for the jury to pass on.

We do not think the defendants were entitled to the peremptory instruction.

8. The defendants' 4th and 5th points are that the court erred in refusing to give certain instructions asked for and in giving certain instructions that should not have been given. If we were to accept defendants' theory of the case, we could concede their complaint as to the instructions, which would be upheld by the argument and authorities cited, but viewing the case as we do, we think the court covered all the issues in the case by the instructions given and the jury could not have been misled in

any matter submitted for their consideration. We have examined defendants' contention that the court's instruction was not fair to the defendants on the measure of damages and the authorities cited. Kennedy v. Van Horn, 77 Okla. 100, 186 Pac. 483, in support of this contention, and we do not think that there is any error in this instruction on the measure of damages that misled the jury to the prejudice of the defendants and no constitutional or statutory right was violated. It does not appear that the defendants offered any substitute for the court's instruction in this particular or suggested any correction at the time it was given, but contented themselves by sitting by when the said instruction was given and saved an exception, and under these circumstances they are not in a position to complain. Ft. Smith & W. Ry. Co. v. Moore, 66 Okla. 322, 169 Pac. 908; section 2822, Comp. Stat. 1921.

9. In conclusion we are reminded to say that this was a most unfortunate accident and tragedy for the plaintiff in this case as well as the defendants. Money value cannot fully compensate the plaintiff for all his loss by reason of his injury, nor does the law provide any remedy adequate to his loss. He is hopelessly maimed and crippled for life, and the defendants must suffer some too in paying the damages assessed for his pecuniary loss assessed by the jury in the case. We think the damages assessed against the defendants are little enough, under all the facts and circumstances in the case, and that the defendants had a fair trial of the issues, and we recommend that the judgment be affirmed.

By the Court: It is so ordered.