BEATRICE FOODS CO. et al.
v. JENNINGS.

No. 34431.   May 20, 1952.

Rehearing Denied July 23, 1952.

*246 P. 2d 347.*

Draper Grigsby, Oklahoma City, for plaintiffs in error.

Suits, Weiss & Berry, Fred E. Suits, Mary L. Weiss, Charles N. Berry, Jr., and Robert N. Berry, Oklahoma City, for defendant in error.

· PER CURIAM. This action was commenced in the district court of Oklahoma county by Merl Allen Jennings, a minor, by his next friend, Clifford M. Jennings, against Beatrice Foods Company, a corporation, and Fletch Chaffee. The trial court overruled defendants' motion for a directed verdict, and submitted the case to a jury. Verdict and judgment were for plaintiff, and defendants appeal. The parties will be referred to herein as in the trial court.

The essential facts are as follows: The 5 year 11 months old child, Merl Allen Jennings, lived with his parents, Clifford M. Jennings being his father, on the south side of Southwest 22nd street in Oklahoma City, an unpaved street, in a built-up residential section with a group of 25 children in the neighborhood. Defendant Chaffee was employed by defendant company as a driver of a milk wagon drawn by a horse. The wagon was a four wheeled vehicle about nine feet in length and four feet wide, with a full length door on each side about the middle thereof, open on both sides of the vehicle, a running board being directly under the door and extending out from the side about six inches, with a handle on the outside of the door approximately 4½ feet above the running board. Chaffee delivered milk to the Jennings' home, Merl being there at the time. Merl rode east in the street on his bicycle and Chaffee continued on his route eastward to the Adderle house, two houses east of the Jennings' house. After Chaffee collected a bill and delivered milk there, he started back to his horse and wagon. He noticed a group of children playing in the yard at the Adderle house. Merl on his bicycle was on the left side of the wagon, with part of the bicycle in front of the open doors, with his right foot on the running board of the wagon and his right hand holding the handle at the door of the wagon. As the wagon started forward the boy fell, the left rear wheel ran over his right hand and badly crushed it so that he has had four major operations thereon at the time of trial of the case, being in and out of the hospital from Saturday, April 4, 1947, to the time of the trial on June 22, 1949.

The decisive question presented is whether there was sufficient evidence of negligence on the part of the driver of the wagon to justify the trial court in submitting that question to the jury.

Defendants contend that the evidence wholly failed to disclose facts from which it could be inferred that it was the duty of the driver to look on the opposite side of the milk wagon before starting it, or to show that he had any reason to anticipate the presence of a child or children on the side of the wagon. They cite the rule announced in Blashfield, Cyclopedia of Automobile Law and Practice, vol. 2, §1509, stating that if a driver has reason to anticipate that a child might be near his automobile, it is his duty to see that the way is clear before starting the vehicle, but that if he has no reason to anticipate the presence of children, negligence cannot be predicated on the mere fact that he started his machine and in so doing injured the child, and, further, that ordinarily a driver is not required to search for children on the running board on the far side of his vehicle or hidden underneath or in front of it. They say that in this condition of the evidence it was the duty of the trial court to sustain their motion for directed verdict and that his failure to do so was reversible error.

We think the evidence in this case was sufficient to justify the trial court in submitting to the jury the question of whether or not the driver of the wagon failed to exercise ordinary care, and whether the injury to Merl Allen Jennings was occasioned by his failure to do so. The mother of the boy testified that in the block in which the boy was injured and the next block there were some 25 children; that these children played in the street, and that at about the time the boy was injured and prior to that time, they had been playing in the street. The driver testified that when he got to the Adderle home there were children thereabouts, but he could not remember whether they were in the street or not. The injured boy testified that the driver did not get into the milk wagon before starting, but clucked to his horse from outside the wagon. He further testified that both doors of the wagon were open and that while he himself would not be visible to the one who stepped inside the vehicle and glanced through the door on the side to which he was holding, they could have seen the front wheel of his bicycle which was in front of the door. The driver testified that he got into the wagon before he started the horse, but did not look on the opposite side of the wagon to see if anybody was on that side or not, and that if the boy was there and he had looked, he necessarily would have seen him.

This evidence was sufficient to justify the trial court in submitting to the jury the question of whether the driver exercised ordinary care in starting the wagon without making any investigation of whether or not there were children on the far side of the vehicle.

We have many times held that where the minds of reasonable men could not differ as to whether the required degree of care had been used, the question was one of law for the court, and that where the evidence wholly failed to show negligence on the part of the defendant, the trial court should sustain its motion for directed verdict. Spartan Aircraft Co. v. Jamison, 181 Okla. 645, 75 P. 2d 1096; Stanolind Oil & Gas Co. v. Klaus. 193 Okla. 409, 144 P. 2d 955.

But we have also held that negligence may be established by circumstantial evidence and the reasonable inferences to be drawn therefrom, and that where the evidence was such that reasonable men might draw different conclusions therefrom, it was a question for the jury. Casualty Reciprocal Exchange v. Sutfin, 196 Okla. 567, 166 P. 2d 434; Mid-Continent Pipe Line Co. v. Price, 203 Okla. 626, 225 P. 2d 176.

The general rule is that in determining whether sufficient care for the safety of a child has been exercised in a particular case, it must be borne in mind that children do not ordinarily exercise the same degree of care for their own safety as adults, and that this imposes upon those by whom they

are injured the obligation of exercising more vigilance and caution than that which might be sufficient in the case of an adult. 65 C.J.S. p. 400, §12b; 38 Am. Jur. p. 685, §40.

In New v. Stout, 98 Okla. 177, 224 P. 519, a case involving an injury to a fifteen year old employee of the defendant, we said:

"The court has always made a difference in the application of rules guarding against dangers with grown-up persons and children, and this doctrine is so well established that it needs no citation of authority to support it. However, we call attention to the following cases: Mather v. Rillston, 156 U. S. 391, 15 S. Ct. 464, 39 L. Ed. 464; Western Coal and Mining Co. v. Berberich, 94 Fed. 329, C. C. A. 364; Lumber Co. v. Hamilton (Tex. Civ. App.) 171 S. W. 546."

That case was cited with approval in Shaffer Oil & Refining Co. v. Thomas, 120 Okla. 253, 252 P. 41, a case involving an attractive nuisance.

In Haskell v. Kennedy, 151 Okla. 12, 1 P. 2d 729, we approved an instruction by the trial court telling the jury that if they found from the evidence it was the custom of children to play about the parking in the street and cross the street, back and forth, and the driver of defendant's car knew of this custom, it was his duty to watch out for such children and to keep his car under such control that he could stop without striking the children.

Considering the evidence above set forth in the light of the rule announced in the above-cited authorities, we are unwilling to hold that all reasonable men would necessarily conclude that the driver had no reason to anticipate the presence of a child or children on the other side of his wagon, and that the exercise of due and ordinary care did not require him to look on the other side of it before starting up. Furthermore, if, as he testifies, he entered the wagon before starting it, a casual glance through the other door would have revealed the front wheel of the injured boy's bicycle, and would have apprised him of the possibility of injury to the boy. The trial court was justified in submitting the question of negligence to the jury for its determination.

Defendants also contend that the trial court erred in allowing the boy to testify. The boy was eight years old at the time of the trial and appears to have been of at least ordinary intelligence, having graduated from the second into the third grade in his school that spring. Whether he was of sufficient intelligence to permit him to testify was a matter for the discretion of the trial court, and unless it is shown that such discretion was abused, the case will not be reversed for that reason. Lefavour v. State, 77 Okla. Cr. 383, 142 P. 132.

Defendants also contend that the trial court erred in permitting the driver of the wagon and a former driver to testify that at various times children congregated around the milk wagon and they had been forced to request them to stay away. But it does not appear that this testimony had any relation to prior accidents, as contended by defendants, but it was apparently introduced for the purpose of showing that the driver might have anticipated their presence on this occasion. We think it was competent for the purpose for which it was offered.

Affirmed.

This court acknowledges the services of attorneys Jack L. Rosschach, G. Raymond Bassman, and C. B. Holtzendorff, who as special masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

ARNOLD, C.J. and WELCH, CORN, DAVISON, and JOHNSON, JJ., concur. HALLEY, V. C. J., and GIBSON and O'NEAL, JJ., dissent.