Teresa Gay HERNDON, a Minor, 8 years of age, by and through her Father and Next Friend, R. G. Herndon, Plaintiff in Error,

v.

Dr. William R. PASCHAL and Mrs. William R. Paschal, Defendants in Error.

No. 41083.

Supreme Court of Oklahoma.

Jan. 25, 1966.

Rinehart & Morrison, Oklahoma City, for plaintiff in error.

William H. Wilson, Rhodes, Crowe, Hieronymus, Holloway & Wilson, Oklahoma City, for defendants in error.

HALLEY, Chief Justice.

Plaintiff prosecutes this appeal from the action of the trial court sustaining a demurrer to her second amended petition. Parties will be referred to as they appeared in the trial court.

Plaintiff alleges in her second amended petition that she is a minor eight years of age and brings this action by her father and next friend, R. G. Herndon.

Plaintiff alleges that on the 23rd of April, 1962, the defendants owned and resided at 4657 Willard Drive, Oklahoma City, Oklahoma; that the back yard of the premises

was fenced and contained trees; that a neighbor kept a large dog adjacent to the fence.

That plaintiff with other small children was invited to be a guest on the premises owned by the defendants; that the plaintiff, along with ten other minor children, was directed by one of the defendants to go into the back yard without any adult supervision, adjacent to the pen of the large dog maintained by the adjacent property owner, at a time when said defendant knew of the presence of said dog; that the dog became excited by the presence of such a large number of playing children, began barking and running against the fence, causing this plaintiff to become frightened and run. The plaintiff struck her head on a low-hanging branch of a tree, injuring her eye and causing her almost total loss of vision in her left eye.

That the injury to plaintiff was proximately caused by the negligence of the defendants in the following particulars:

"a. Inviting and directing young children to play in a yard containing trees with low-hanging branches adjacent to a large dog likely to become excited by small children playing in the adjacent yard, at a time when defendant, Mrs. Paschal, knew of the presence of said dog and knew or should have known that it would become excited by such a group of children playing without supervision.

"b. Permitting and directing small children, including this plaintiff, to play in the defendants' yard under the circumstances above set out without any supervision or control."

Plaintiff alleges that her injuries are permanent, for which she seeks damages in the amount of $75,000.00.

■ The law is well settled that where a petition is challenged by demurrer if the petition fails to state facts sufficient to constitute a cause of action against the defendant, the demurrer should be sustained. Hull v. Newman Memorial Hospital, Inc.,

Okl., 379 P.2d 701; Harrison v. Commander Mills, Inc., Okl., 298 P.2d 749.

■ On the other hand, the law is equally well-settled that if the petition states any fact or facts which, with the reasonable and natural inferences to be drawn, would entitle the plaintiff to any relief the demurrer should be overruled. New v. Stout, 98 Okl. 177, 224 P. 519.

■ Counsel for the plaintiff cite three cases, each holding that the owner of property in guarding against injuries to children invited on the premises, must exercise more vigilance and caution than would be necessary in the case of adults. He must give consideration to the well recognized rule that small children because of their childish instincts and impulses, do not ordinarily exercise the same degree of caution for their own safety as adults. Beatrice Foods Co. v. Jennings, 206 Okl. 688, 246 P.2d 347; Shaffer Oil & Refining Co. v. Thomas, 120 Okl. 253, 252 P. 41; New v. Stout, 98 Okl. 177, 224 P. 519.

■ The soundness of the above rule is not disputed but the rule is also well settled that the owner of property is not an insurer of the safety of infants invited on the premises and is liable for injuries sustained by them while on the premises only if he fails to exercise reasonable care under the circumstances of the case. J. C. Penney Co. v. Clark, Okl., 366 P.2d 637; 65 C.J.S. Negligence § 52, pp. 548–549; 38 Am.Jur. "Negligence" § 118, p. 781, § 147, p. 813; Crane v. Smith, 23 Cal.2d 288, 144 P.2d 356; Swan v. Riverside Bathing Beach Co., 132 Kan. 61, 294 P. 902; Oldham v. Hoover, La.App., 140 So.2d 417.

In the case of J. C. Penney Company v. Clark, supra, the Oklahoma Court quoting with approval from 38 Am.Jur. "Negligence" § 147, p. 813, said

"An owner of land is not required to provide against remote or improbable injuries to children who come upon the premises, but only against such injuries as reasonably can be anticipat-

ed to occur from the object or instrumentality involved."

Continuing further with the citation from Am.Jur., p. 813, the text writer states the rule as follows:

"While the care to be taken by the owner or occupant must be commensurate with the danger to, and with the immaturity and inexperience of, the child to be protected, any requirement in this respect must not be so onerous as to make the ownership or possession of property burdensome instead of profitable or enjoyable. The use of property, to which an owner is entitled, should not be encumbered with the necessity of taking precautions against every conceivable danger to which an irrepressible spirit of adventure may lead a child. There is no duty to take precautions where to do so would be impracticable, unreasonable, or intolerable."

In 65 C.J.S. Negligence § 52, pp. 548–549, the rule is stated:

"The owner or person in charge is not, however, an insurer of the safety of infant invitees, and he is liable only if he fails to exercise reasonable care under the circumstances of the case."

The case closest in point on facts is Skelton v. Sinclair Refining Co. Okl., 375 P.2d 948, wherein the dress of eight year old minor caught on fire by coming in contact with radiant-type wall gas heater maintained by the defendant in the rest room at a gasoline service station. This Court held the injured child was not entitled to recover. In the opinion the Court quotes from City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462, as follows:

"The duty to keep premises reasonably safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care."

Continuing in the opinion, the Court says, "In the case now before us, there is no allegation or evidence of hidden dangers, traps, snares, or pitfalls; there was no dangerous instrumentality or condition known to the owner or occupant and not to the person injured; if there was a danger in the rest room, it was obvious and reasonably apparent, and 'as well known to the person injured * * * as to the owner or occupant'".

It is a well known fact that small children run, stumble and fall while playing in the yards of their own homes. If the owner of residence property maintains the premises free from snares and pitfalls, he is not liable for injuries sustained by invited children while running on the premises and striking objects or trees.

In "Restatement of Torts" § 339(c), p. 925, it is stated:

"A possessor of land is * * * under duty to keep so much of his land as he knows to be subject to the trespasses of young children free from artificial conditions which involve an unreasonable risk of death or serious bodily harm to them. This does not require him to keep his land free from conditions which even young children are likely to observe and the full extent of the risk involved in which they are likely to realize. The purpose of the duty is to protect children from dangers which they are unlikely to appreciate and not to protect them against harm resulting from their own immature recklessness in the case of known danger."

In the case of McHugh v. Reading Co., 346 Pa. 266, 30 A.2d 122, 145 A.L.R. 319, the Court said:

"We have not been referred by counsel to any Pennsylvania case, nor has our own research disclosed any, in which recovery was allowed against the possessor of land, even though a permissive playground, where a child was in-

jured merely by falling or jumping from a stationary object or structure on the property. Liability to trespassing children has uniformly been limited to accidents arising from latent dangers, such as unguarded machinery, live wires, pits or open trap doors."

In Kayser v. Lindell, 73 Minn. 123, 75 N.W. 1038, the Court said:

"It is true that, if the owner of premises keeps upon them a concealed trap, and a person coming upon the premises by invitation is injured thereby, he may recover. But there was no mantrap in this case. The wall was plain to be seen. The child knew it was there and fell off of it in the daytime. While the owner of premises may owe more duty to a child than to an adult coming upon his premises by implied invitation, yet he is not bound to guard every stairway, cellarway, retaining wall, shed, tree, and open window on his premises, so that such a child cannot climb to a precipitous place and fall off."

The risk of injury to small children must be one "foreseeable" by the owner of the premises. In Meagher v. Hirt, 232 Minn. 336, 45 N.W.2d 563, the rule is stated:

"Person creating condition on premises dangerous to children could not be held liable merely because a child was in fact injured but can only be held liable for negligence if there was a foreseeable risk of injury to children under the circumstances."

In the instant case defendant could not have foreseen that his neighbor's dog would bark causing plaintiff to become excited, run and strike a tree causing injury to her eye. Plaintiff makes no contention that the defendant maintained anything in the nature of hidden dangers, traps, snares or pitfalls. The amended petition recites that the yard was fenced and contained some trees. Plaintiff complains that the defendant failed to supervise the playing of children in the yard. No amount of supervision, short of physical restraint, could have prevented the minor plaintiff from running in the yard and accidentally striking the limb of a tree.

The trial court correctly sustained the demurrer of the defendants to the second amended petition of the plaintiff.

Affirmed.

JACKSON, V. C. J., and DAVISON, BLACKBIRD, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.