## RAINBOW OIL & GAS CO. v. BARTON.

No. 8972—Opinion Filed July 23, 1918.

(173 Pac. 1135.)

### Corporations—Authority of Officers—Contracts.

Where a corporation permits services to be rendered under a contract of employment and receives the benefit of such services, it cannot escape payment of such services on the ground that the corporate officers, entering into the contract on behalf of the company, had no authority so to do.

(Syllabus by Pope, C.)

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Truman Barton against the Rainbow Oil & Gas Company, to recover compensation for labor performed. Judgment for plaintiff, and defendant brings error. Affirmed.

Goode & Johnston, for plaintiff in error.

E. D. Reasor, for defendant in error.

Opinion by POPE, C. This action was commenced in the justice court of Nowata county. Judgment was given by plaintiff, and the defendant company appealed to the superior court, where a trial de novo was had, which resulted in a judgment for the plaintiff, and the defendant brings error to this court.

The plaintiff below, Truman Barton, who was a stockholder in the defendant company, contends that he was employed by the president of the company to do certain work for the company, and was to receive $100 per month compensation. As to the amount of the compensation, the testimony was in conflict. The jury both in the justice and superior court found in his favor. He worked two months on the lease of the defendant company, and the company refused to pay him. The oil company is seeking to defeat the plaintiff's claim on the ground that a committee composed of one Stansbury and one Bryant alone had the authority to employ help, and that they did not employ the plaintiff. It appears, however, that Stansbury was in charge of the lease on which the defendant in error was em-

ployed, and was general manager of the company's affairs. This being true, and it also appearing that the plaintiff performed the services alleged, and the company receiving the benefit of his services, with the knowledge of the general manager and at lease three of the board of directors, the question of authority to hire plaintiff becomes entirely immaterial. The company certainly had the right to employ him, and, when it knowingly accepted his services, ratified the contract of his employment whether originally authorized or not. A corporation cannot permit the performance of a contract, receive the benefits, and then escape liability on the ground that the contract was ultra vires and unauthorized. Shawnee National Bank v. Purcell Wholesale Co., 34 Okla. 34, 124 Pac. 603, 41 L. R. A. (N. S.) 494; Crowder State Bank v. Aetna Powder Co, 41 Okla. 394, 138 Pac. 392, L. R. A. 1917A, 1021. This species of unjust enrichment will not be approved by this court.

Judgment of the lower court is affirmed.

By the Court: It is so ordered.