**BLUEJACKET STATE BANK v. FIRST NAT. BANK of BLUEJACKET et al.**

No. 21078. Opinion Filed March 15, 1932.

M. W. Hinch and Carey Caldwell, for plaintiff in error.

Jesse L. Ballard and Richard L. Wheatley, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Craig county in favor of the defendants in error against the plaintiff in error. The plaintiff in error, the Bluejacket State Bank, and the defendant in error, the First National Bank of Bluejacket, are each banking corporations, doing business in the town of Bluejacket, Okla.

The two banks merged, the merger be-

coming effective on April 29, 1925. Thereafter a banking business was carried on under the name of the Bluejacket State Bank and under the management of the officers selected after the merger of the two banks. The First National Bank of Bluejacket ceased to operate as a bank at the time the merger became effective and proceeded to close up its business.

Approximately a year after the merger, G. W. Fincannon and other stockholders of the Bluejacket State Bank filed a suit against the First National Bank of Bluejacket in which they attacked the merger of the two banks. Upon a trial of that cause the trial court rendered judgment setting aside the merger. No appeal from that judgment was taken. The court, upon its own motion and without objection, appointed a referee to hear testimony with regard to the assets of the two banks that had merged that an accounting might be had. The report of the referee with reference to the division of the assets of the merged bank was approved by the trial court. The plaintiffs in that action appealed to this court and this court affirmed the judgment of the trial court. Fincannon et al. v. First Nat. Bank of Bluejacket et al., 133 Okla. 123, 271 Pac. 641.

The Bluejacket State Bank was not a party to that action, but neither it nor its officers and directors made any protest or objection to the judgment rendered by the district court setting aside the merger of the two banks and appointing a referee. We have shown the action taken with reference to the order approving the report of the referee. That its officers and directors knew all about the litigation and that a large majority of the stockholders were present in court and participated in the proceedings at the trial is not questioned. After the judgment of the court setting aside the merger of the two banks, the Bluejacket State Bank and its officers and directors accepted the benefits of the judgment. It restored its former board of directors and they took charge of the business and assets of the bank and operated it. It accepted the property awarded to it by the judgment. The officers and directors selected after the merger of the two banks surrendered their offices. The action was for its use and benefit and the relief asked for and received therein was for its benefit. The decision of this court, supra, was filed May 8, 1928, and rehearing was denied on November 13, 1928. On December 11, 1928, an instrument denominated "Special Appearance and Motion" was filed in the district court of Craig county in the same cause on behalf of the Bluejacket State Bank. That instrument, with formal parts omitted, was as follows:

"Comes now the Bluejacket State Bank of Bluejacket, Oklahoma, an Oklahoma corporation, having its place of business in the town of Bluejacket, Craig county, Oklahoma, and appearing specially for the purposes of this motion only and for no other purpose moves the court to vacate, set aside and hold for naught the judgment rendered herein against said Bluejacket State Bank in the above entitled case for the following reasons, to wit:

"First: Because the judgment against the said Bluejacket State Bank is void on its face.

"Second: Because the court had no jurisdiction of the subject-matter of the action, as appears from the judgment roll in said case.

"Third: Because the court had no jurisdiction of the person of the said Bluejacket State Bank, as appears from the judgment roll in said case."

After a hearing was had, that motion was denied by the trial court, and the Bluejacket State Bank appealed to this court. It herein contends that the trial court erred in refusing to grant its motion.

In Rainbow Oil & Gas Co. v. Barton, 70 Okla. 271, 173 Pac. 1135, this court said:

"A corporation cannot permit the performance of a contract, receive the benefits, and then escape liability on the ground that the contract was ultra vires and unauthorized. Shawnee National Bank v. Purcell Wholesale Co., 34 Okla. 34, 124 Pac. 603, 41 L. R. A. (N. S.) 494; Crowder State Bank v. Aetna Powder Co., 41 Okla. 394, 138 Pac. 392, L. R. A. 1917A, 1021. This species of unjust enrichment will not be approved by this court."

In Danzinger et al. v. George W. Ralls Co., 144 Okla. 1, 288 Pac. 975, this court held:

"A voluntary acceptance of the benefits of a transaction is equivalent to a consent to all the obligations arising from the same so far as the facts are known or ought to be known to the person thus accepting the same."

In Brandt v. Lane et al., 113 Okla. 14, 237 Pac. 459, it was held:

"Where a party freely and without protest or qualification accepts the benefits of a judgment, he thereby confesses its validity and waives his right to appeal therefrom."

See, also, Elliott et al. v. Orton et al., 69 Okla. 233, 171 Pac. 1110, and Ingram v. Groves et al., 84 Okla. 159, 202 Pac. 1019.

It is here urged by the plaintiff in error that no judgment was rendered. The motion filed by the Bluejacket State Bank

was to "* * * set aside and hold for naught the judgment rendered herein against said Bluejacket State Bank in the above entitled case." The plaintiff in error considered the same to be a judgment and filed a motion to set aside the judgment. It may take either horn of the dilemma it sees fit. If the order of the court was a judgment, it is estopped to question the judgment under the authorities hereinbefore cited. If the order of the court was not a judgment, then there is nothing of which it can complain and it cannot be heard in this court to urge as error the refusal to set aside a judgment and at the same time to state that there was no judgment.

The plaintiff in error contends that a valid judgment cannot be rendered against a person who is not a party to a lawsuit. That rule is elemental. However, there are exceptions to the rule, among which are the rule of estoppel by reason of a judgment and the rule stated by this court in Bass & Harbour Furn. & Carpet Co. v. Harbour, 42 Okla. 335, 140 Pac. 956, wherein this court held:

"The doctrine of equitable estoppel applies to the internal concerns of stock corporations. Saving, so far as public policy and the interests of creditors and other third parties are involved, the stockholders may bind themselves inter sese and in favor of the corporation by their own acts and agreements; and what will bind all the stockholders with respect to an obligation from the company to one of its members, will bind the company as such."

Therein this court quoted from 1 Thompson on Corp., sec. 10, as follows:

"The proposition that a corporation has an existence separate and distinct from its membership has its limitations. It must be noted that this separate existence is for particular purposes. It must also be remembered that there can be no corporate existence without persons to compose it; there can be no associations without associates. This separate existence is to a certain extent a legal fiction. Whenever necessary for the interests of the public, or for the protection or enforcement of the rights of the membership, courts will disregard this legal fiction and operate upon both the corporation and the persons composing it"

—and cited other authorities to that effect.

We therein said:

"The foregoing authorities sustain the contention that the Bass & Harbour Furniture & Carpet Company was bound by the dissolution agreement the same as if it had been executed by it, acting through its proper officers and in pursuance of a resolution adopted by its board of directors, and justify

the overruling of the assignment of error under consideration."

Under the facts shown by the record in this case, the trial court did not err in refusing to sustain the motion of the plaintiff in error, and its order overruling that motion is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, and McNEILL, JJ., concur. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent. KORNEGAY, J., disqualified.

Note.—See under (1), annotation in 1 A. L. R. 610; 34 A. L. R. 597; 7 R. C. L. 27; R. C. L. Perm. Supp. p. 1904; R. C. L. Pocket Part, title Corporations, § 4.