DICKS v. CLARENCE L. BOYD CO., Inc.

No 34672. Nov. 27, 1951.

*238 P. 2d 315.*

A. R. Swank, A. R. Swank, Jr., and Chilton Swank, Stillwater, for plaintiff in error.

Ames, Daugherty, Bynum & Black and Wayne W. Bayless, Oklahoma City, for defendant in error.

O'NEAL, J. This is an appeal from an order sustaining defendant's demurrer to the first and second causes of action pleaded in plaintiff's petition.

384

Burton Dicks, plaintiff below, sued the Clarence L. Boyd Co., Inc., a corporation, to recover a money judgment for an alleged breach of an oral contract of employment. The petition substantially alleges that defendant was engaged in the business of buying at wholesale and selling at retail heavy road grading and building equipment in the State of Oklahoma; that in April, 1928, the defendant employed plaintiff for a period of one year under a written contract as a sales agent to sell said road equipment in five designated counties in the state on a commission basis of 20% on the sale of any equipment and 15% on the sale of all parts ordered for equipment in his territory; that probably said contract was renewed in writing for a subsequent year, but plaintiff cannot produce a copy thereof; that plaintiff has performed all the conditions of said written contract; that upon the expiration of said written contract the plaintiff entered into an oral contract with one W. F. Powers, president and general manager of the defendant company, and with the verbal consent and agreement of all the members of the board of directors and stockholders, that the terms of the written contract should be extended so that the contract as extended would remain in force as long as plaintiff was able to continue actively in said work; that thereafter, in 1936, Russell Borgman, the then president and general manager of the defendant company, with the consent of the individual members of the board of directors and each stockholder thereof, entered into a verbal contract with plaintiff that the previous oral contract of 1930 should continue under the same terms and conditions as the original written and verbal contracts referred to, and that the plaintiff's employment should continue as long as plaintiff was able to continue actively in said work; that plaintiff, relying upon said verbal contracts, continued to work for a period of 21 years and sold large amounts of equipment; that new equipment has a life usefulness of fifteen to twenty years, and that the value

of parts necessary to keep the machines in repair are ordinarily equal or exceed the original cost of the machines; that on May 9, 1949, plaintiff was 50 years of age with a life expectancy of approximately 20 years, and that he has an expectancy of 15 to 20 years of active usefulness in said occupation as a sales agent; that on the latter date the defendant wrongfully and with intent to cheat and defraud plaintiff canceled his verbal contracts and terminated his employment. Plaintiff, under his first cause of action, states that if plaintiff were permitted to continue his employment, he would earn commissions as defendant's sales agent during the next 20 years in the sum of $150,-000, and in plaintiff's second cause of action he pleads all of the allegations referred to in his first cause of action, and, in addition thereto, states that as alleged in his first cause of action the commissions from the sale of parts in his said territory are fully and completely earned under the terms of said oral agreement and said commissions accrue to plaintiff whether he actually makes the sale thereof or not, and that said commissions during the next 15 or 20 years will amount to the sum of $200,000.

It is plaintiff's contention that the first and second causes of action in said petition state a cause of action good as against a demurrer.

Defendant contends: (a) The first and second causes of action do not state a cause of action for the reason that an oral agreement to employ defendant "as long as he was able to continue actively at work" is indefinite as to duration and is terminable at will; (b) that the alleged oral contract was unauthorized and unenforceable under the statutes of the State of Oklahoma, and (c) that the petition shows on its face that the first and second causes of action are barred by the statute of frauds.

We held in McKelvy v. Choctaw Cotton Oil Co., 52 Okla. 81, 152 P. 414, that:

" 'Permanent employment' ordinarily means employment for an indefinite period, which, in the absence of some special consideration, may be arbitrarily severed at any time by either party."

In this case the court further held:

" 'Permanent employment' means employment for an indefinite period which may be severed by either party. Bouv. Law Dict. As a general rule the word 'permanent,' as applied to employment, is construed to mean that the employee shall retain the position only until one of the contracting parties shall elect to terminate it, and this election may be an arbitrary one without assigning any cause therefor. This construction is uniformly placed thereon, unless it appears that the contract was entered into with some valuable consideration as its basis, as where one agrees to give another permanent employment in settlement of a claim for personal injuries and like instances." Citing authorities.

Plaintiff does not allege that the oral contracts of 1930 and 1936 for "permanent employment as long as he was able to continue actively at work" were based on any consideration other than his promise to perform the services of a sales agent on a commission basis. We have examined the authorities relied on by plaintiff and find they generally hold that the pleader relied on some specific consideration for the agreement, such as a release from injury or some valuable consideration passed to the employer at the time the contract was entered into, or that the contract contained a contingency which could render the contract completely performed within a year.

We think the contract relied on is unenforceable as it falls within the inhibition of the statute of frauds. 15 O.S.A. §136 provides:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent:

"(1) An agreement that, by its terms, is not to be performed within a year from the making thereof."

We held in St. Louis Trading Company v. Barr, 168 Okla. 184, 32 P. 2d 293, an oral contract not to be performed within a year is within the statute of frauds. Part performance of a parol contract for performance of services, which services are not to be performed within a year, does not take the contract out of the statute of frauds. This case cites with approval our holding in Morris Plan Co. v. Campbell, 180 Okla. 11, 67 P. 2d 52.

In the case of B. F. C. Morris Co. v. Mason, 171 Okla. 589, 39 P. 2d 1, we held:

"An oral contract of employment not to be performed within a year is within the statute of frauds."

This general rule is stated in 49 Am. Jur., Statute of Frauds, §52, p. 410:

"According to the great weight of authority, a contract for personal services which by the terms of the contract are to be rendered for a stated period longer than a year is within the meaning of the provision requiring contracts not to be performed within a year to be in writing. This rule is based on the theory that although the death of the person by whom the services are to be performed will excuse further performance, such excuse is not the equivalent of full performance and does not take the case out of the operation of the statute. . . . And while as a general rule a contract for services which is of indefinite duration is not considered to be within the statute of frauds, and the fact that performance within a year may be improbable does not change the rule, a contract of employment not specifying the period of service may be deemed within the statute, if, as fixed by the object to be accomplished and the circumstances, its performance will admittedly extend, and was intended to extend, over a year."

Plaintiff calls attention to our holding in Roxana Petroleum Co. v. Rice, 109 Okla. 161, 235 P. 502, in support of his contention that the oral contract is not within the statute of frauds because it is capable of performance during the life of plaintiff within the year. In the Roxana case the employment

was to continue as long as the company did business in Oklahoma and Texas and this court held it was a contingency which might become effective in less than a year. If this court had intended to adopt the rule urged by plaintiff, it would be necessary to dispose of the case by saying that the plaintiff might have died within a year and therefore the contract is not within the statute of frauds.

Plaintiff contends that the demurrer was improperly sustained because the presidents and general managers of the defendant company in control of the management of its business have prima facie power to contract or perform any acts which its board of directors could authorize or ratify. The cases cited in support of this contention are illustrated by plaintiff's citation of the case of Rainbow Oil & Gas Co. v. Barton, 70 Okla. 271, 173 P. 1135. That case holds that where a corporation permits services to be rendered under a contract of employment, and receives the benefit of such services, it cannot escape payment of such services on the ground that the corporate officers entering into such contract on behalf of the corporation had no authority so to do. There is no contention made that the defendant has not fully reimbursed plaintiff for all past services rendered. He seeks in this action to recover anticipatory commissions for services in the future. Therefore, the Rainbow case is not applicable.

Having concluded that plaintiff's first and second causes of action plead a state of facts that bar recovery under the statute of frauds, we deem it unnecessary to discuss at length the question of the corporation's power and authority to enter into the verbal contract referred to. Suffice it to say that under 18 O.S.A. §71, subs. 8, a corporation has power: "To enter into any obligations or contracts essential to the transaction of its ordinary affairs, or for the purposes of the corporation," and that under this provision of the statute "No corporation shall possess or exercise any corporate powers, except such as are necessary to the exercise of the powers enumerated and given." It will be observed that plaintiff pleads that the oral contracts for permanent employment with defendant's president and general manager in 1930 and 1936 were with the knowledge and verbal consent and agreement of all of the members of the board of directors of said corporation, as well as each of the stockholders thereof, that said employment would continue as long as plaintiff was able to continue actively in said work. For the purpose of the demurrer, the allegations must be construed that the plaintiff obtained the verbal consent of each director and each stockholder covering his alleged permanent employment. The stockholders have no voice in the employment of sales agents for the corporation. The directors are selected for that purpose and they cannot act in their individual capacities, but must act collectively as a board. It is not alleged that they so acted.

In 13 Am. Jur., Corporations, §948, p. 909, the general rule relating to the action of the board of directors is stated thus:

"The authority of the directors or trustees is conferred upon them as a board, and they can bind the corporation only by acting together as a board. A majority of them in their individual names cannot act for the board itself and bind the corporation. In order to exercise their powers they must meet so that they may hear each other's views, deliberate, and then decide. They must act as an official body. Although at a stockholders' meeting they are present and join in the action of the stockholders, this is not proper action as the board of directors and as such binding upon the corporation. In the general assemblage influences may be brought to bear upon the directors which in their proper board would be unheeded; and no one can say with certainty that their vote in the latter event would have been the same."

There are cogent reasons for the application of the statute of frauds as

applied to the facts pleaded. The verbal agreements relied on were entered into in 1930 and 1936. 18 O.S.A. §101 provides "The directors of a corporation must be elected annually." And 18 O.S.A. §104 provided, in effect, that the corporate powers, business and properties must be exercised by a board of directors.

The plaintiff does not plead that the board of directors in 1930 or in 1936, as a board, entered into the verbal contracts pleaded. Under the quoted statute fourteen boards of directors have since that date been elected by the stockholders of the defendant corporation. It is not contended that any subsequent board, after 1936, had any knowledge of the verbal agreement, or affirmed the same either individually, or as a board of directors.

The legislative purpose in requiring annual elections of boards of directors of corporations is for the protection of the stockholders of the corporation, as well as its creditors and the public dealing with it so that if an improvident or wrongful act is committed by a board of directors, the subsequent board can redress or prevent the extension of the wrong, and thereby protect its stockholders, creditors and the public having dealings with it.

Moreover, the statute of frauds, as construed in the cited cases, bars plaintiff's recovery under the allegations contained in his first and second causes of action.

The judgment is affirmed.

CORN, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.