**The CITY OF OKLAHOMA CITY, a municipal corporation, Plaintiff/Appellant,**

v.

**PUBLIC EMPLOYEES RELATIONS BOARD OF THE STATE OF OKLAHOMA and Fraternal Order of Police, Lodge 123, Defendant/Appellees.**

**No. 86572.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 4, 1997.

Rehearing Denied April 15, 1997.

Certiorari Denied June 18, 1997.

William O. West, Municipal Counselor, Richard E. Mahoney, Monica Culley–Coleman, Oklahoma City, for Plaintiff/Appellant.

James R. Moore, Honing, Johnson, Grove, Moore, Hullett & Thompson, Oklahoma City, for Defendants/Appellees.

Diane Pedicord, Sue Ann Nicely, Oklahoma Municipal League, Inc., Oklahoma City, for Amicus Curiae Oklahoma Municipal League.

JOPLIN, Judge:

Plaintiff/Appellant City of Oklahoma City seeks review of an order of the trial court affirming the decision of the Defendant/Appellee Public Employees Relations Board of the State of Oklahoma (PERB) that certain police officers on probationary status may nevertheless be properly considered permanent employees for purposes of voting membership in the bargaining unit represented by the Defendant/Appellee Fraternal Order of Police (FOP). In this appeal, City and Amicus Curiae Oklahoma Municipal League, Inc. (collectively, City) assert first-time probationary officers may not be included in the FOP bargaining unit which only extends to permanent officers as a matter of law; the decision prejudices substantial rights of all municipalities in their dealings with bargaining agents such as the FOP under the Fire and Police Arbitration Act (FPAA); PERB is prohibited from now changing its long-standing policy that probationary employees are not permanent; PERB exceeded its authority by interfering with personnel policies of a municipality; and employee probationary status, as a matter of public policy, should be reserved to the municipality which employs the probationers. Having reviewed the record herein, we cannot say the trial court erred and, accordingly, affirm.

Oklahoma statute requires PERB to determine which employees are in a bargaining

unit represented by an elected bargaining agent. 11 O.S.1991 § 51–103(B). FOP filed a petition with PERB for a clarification as to which City police officers were properly within the bargaining unit represented by FOP under the terms of FPAA. All permanent police officers of a municipality, with two exceptions not pertinent to this case, are included in the bargaining unit pursuant to 11 O.S.1991 § 51–102(1),[1] and 11 O.S.1991 § 50–101 defines a police officer according to the duties that officer performs.[2]

In the present case, City hires recruits who must then attend an 18 week police academy. Upon graduation and successfully passing a mandatory examination for police officer certification by the Oklahoma Council on Law Enforcement, Education and Training (CLEET), the recruits are certified as police officers and sworn in. However, these officers must spend an additional five months of supervised field training and an additional seven months on probation.

Notwithstanding the additional probationary period, after completion of the academy and certification by CLEET, the recruits become sworn full–time police officers defined by 11 O.S. § 50–101(6). They are not temporary employees nor does their probationary status interfere with their full–time, full–pay, full–pensioned, and full–duty status. With the above–stated facts stipulated to by the parties, the only issue before this Court is whether upon graduation from the police academy and certification by CLEET, the officers become permanent employees of City for purposes of voting membership in the bargaining unit even though such employees retain probationary status.

█ Herein, City challenges the trial court's order affirming PERB's decision on a number of grounds. Having reviewed these challenges, we do not find support in the

record for City's contention that PERB exceeded its statutory authority, substituted its own policies of probation for those of City, or disregarded rules of statutory construction. In the first regard, PERB is charged by statutory mandate to determine representation in bargaining units of public employees, specifically FPAA, for collective bargaining purposes. 11 O.S.1991 § 51–103. We find PERB's unit clarification that the police officers in question were permanent employees *for the purpose of* determining voting members represented by bargaining units to be well within PERB's statutory mandate. Similarly, PERB cannot have substituted its own policies of probation for those of City since PERB's ruling is restricted to a determination of voting membership status in the bargaining unit. We find nothing in PERB's decision requiring City to change its policies regarding probationary status of its employees; indeed, City already recognizes that an employee may be both probationary and permanent, in the City's Police Department Operations Manual authorizing disciplinary probation for permanent employees. To the extent PERB's decision purports to affect City's employment policies and procedures, we find it cannot as outside PERB's jurisdiction.

█ Finally, City complains that PERB's decision violates long-standing rules of statutory construction. First, City cites several statutes which purport to define "permanent employee." However, these statutes deal with pension plans, merit rules and the like. As such, these statutes have no bearing on the present case. Second, although "permanent employee" is not defined for purposes of the FPAA, City points out that in previous unit clarification cases, PERB has declined to define probationary employees as permanent employees. Generally, when an administrative agency construes a statute which is am-

---

1. Title 11 O.S. § 51–102(1) provides, in pertinent part, as follows:
   Firefighters and police officers shall mean the permanent paid members of any fire department or police department in any municipality within the State of Oklahoma ... Police officers as used herein shall be those persons as defined in Section 50–101 of this title.

2. 11 O.S. 50–101(6) provides:

Officer means any duly appointed and sworn full time officer of the regular police department of a municipality whose duties are to preserve the public peace, protect life and property, prevent crime, serve warrants, enforce all laws and municipal ordinances of this state, and any political subdivision thereof, and who is authorized to bear arms in the execution of such duties.

biguous or uncertain, which construction is definitely settled and has been uniformly applied for "a number of years," that construction is to be given the highest respect by this Court and will not be disturbed *"provided that construction was reasonably given."* *See, Oral Roberts University v. Oklahoma Tax Commission,* 714 P.2d 1013 (Okla.1985) (Emphasis added). However, the Oklahoma Supreme Court defined "permanent employment" as "employment for an indefinite period, which, in the absence of special consideration, may be arbitrarily severed at any time by either party." *Dicks v. Clarence L. Boyd Co.,* 205 Okla. 383, 238 P.2d 315, 317 (1951). The record herein clearly reflects the probationary officers in question were employed for an indefinite period which employment could be severed at any time by either party. As such, we find PERB's determination properly followed the ruling by the Supreme Court.

■ Appeals from administrative agencies are governed by 75 O.S.1991 § 322. That statute provides, in pertinent part, that an agency order may not be set aside unless it is "clearly erroneous in view of the reliable, material, probative and substantial competent evidence" or "arbitrary or capricious." 75 O.S. § 322(1). This Court may not set aside the agency order if it is found "to be valid and the proceedings are free from prejudicial error to the appellant." 75 O.S.1991 § 322(3). As our Supreme Court stated:

> Great weight is to be accorded the expertise of an administrative agency, and a presumption of validity attaches to the exercise when the administrative agency is reviewed by the judiciary. A Court of review may not substitute its own judgment for that of an agency particularly in the area of expertise which the agency supervises.

*Tulsa Area Hospital Council v. Oral Roberts University,* 626 P.2d 316 (Okla.1981). Our review of administrative rulings does not include weighing the evidence on appeal. *See, Samson Resources Co. v. Oklahoma Corporation Commission,* 742 P.2d 1114 (Okla. 1987).

PERB, as a creature of statute, is charged with the duty to determine—upon petition—the status of labor organization representation for purposes of collective bargaining pursuant to the FPAA. 11 O.S.1991 § 51–103. PERB's area of expertise, then necessarily includes unit clarification. In the present case, PERB reviewed extensive evidence and concluded that the bargaining unit in question included police officers who had completed academy training, been certified by CLEET, sworn-in, and were performing police duties as defined by statute. Having reviewed the record, we find ample evidence presented below to support PERB's conclusion.

The order of the trial court approving PERB's determination of membership in the City's police bargaining unit is therefore AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.